In the Matter of ROXANNE DE HAMEL, Respondent, v PETER PORTO, Appellant. (And Another Related Proceeding.) [802 NYS2d 286]—

Cardona, P.J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered December 22, 2003, which, inter alia, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties to these proceedings were divorced in 2002 and are the parents of one son (born in 1995). Pursuant to a stipulation of settlement which was incorporated, but not merged, in a judgment of divorce, the parties were granted joint legal custody of the child. Although respondent (hereinafter the father) lived in Schenectady County at the time, the parties agreed that he would have physical custody of his son on weekdays, notwithstanding the fact that petitioner (hereinafter the mother) lived in Albany County where the child attended school. Evidence in the record suggests that this arrangement was reached to ac-

commodate the mother's work schedule at that time and was in recognition that the father was then employed in Albany County.

Later that year, the father moved to Saratoga County and ceased working in Albany County. A conflict thereafter arose between the parties concerning, among other things, where their son would attend school. To facilitate his continued schooling in Albany County, the parties verbally agreed that the mother would take physical custody of the child during the week. However, when the parties later disagreed concerning the permanency of this new arrangement, the mother commenced the first of these proceedings seeking to have the custody provisions of the divorce decree formally modified to reflect the parties' new arrangement. The father immediately cross-petitioned for sole custody and moved to dismiss the mother's petition.* Family Court thereafter granted the mother's petition and the father now appeals.

The paramount consideration in any custody dispute is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]). Towards that end, modification of an existing custodial arrangement will only be granted when a sufficient change of circumstances has been demonstrated which reflects a need for alteration in order to safeguard the best interests of the child (*see Matter of Ruller v Berry,* 19 AD3d 814, 815-816 [2005]; *Redder v Redder,* 17 AD3d 10, 12-13 [2005]; *Matter of Blanchard v Blanchard,* 304 AD2d 1048, 1048 [2003]). In deciding whether a change of custody is warranted, an existing arrangement borne of the parties' mutual agreement is a factor to be considered (*see Eschbach v Eschbach, supra* at 171-172), along with the quality of the respective home environments, the child's wishes, the length of time the present custody arrangement has been in place and each parent's past performance, relative competence and capacity to provide for and direct the child's development (*see Kaczor v Kaczor,* 12 AD3d 956, 958 [2004]; *Matter of Smith v Miller,* 4 AD3d 697, 698 [2004]).

Applying the above principles and affording Family Court's credibility determinations due deference (*see Matter of Anson v Anson,* 20 AD3d 603, 604 [2005]; *Matter of Kemp v Kemp,* 19 AD3d 748, 750 [2005], *lv denied* 5 NY3d 707 [2005]), we are satisfied that Family Court's determination has a sound and

---

* We note that the mother's petition and the father's motion to dismiss same were filed in Schenectady County and the father's cross petition was filed in Saratoga County. Schenectady County Family Court (Assini, J.) thereafter transferred the mother's petition to Albany County and, upon said transfer, Albany County Family Court (Tobin, J.) agreed to simultaneously entertain the father's cross petition.

substantial basis in the record. Family Court concluded that the parties' own alteration of the custodial arrangement after the father relocated his home and employment to Saratoga County constituted a change in circumstances. Certainly, that was one factor that the court could consider. In addition, a court-appointed psychologist who evaluated the child and the parents testified that the child is prone to impulsiveness and hyperactivity and would benefit from remaining at his current school through his elementary years. Given the mother's proximity to the child's school and given the fact that the child has now adjusted to his modified routine, the psychologist concluded that enrolling the boy in school in Saratoga County, while at the same time transitioning him to his father's new home, would be unduly difficult for him. The evidence before Family Court also supported the court's conclusion that the mother has been more proactive in seeking therapeutic intervention for the child and has been more supportive of his involvement in organized sports, which the psychologist concluded was essential to his development. In sum, although both parents are loving and committed to their son's well-being, exhibiting strong parenting skills and suitable home environments, on this record, under all of the circumstances and considering the child's need for stability, we cannot conclude that Family Court erred in determining that the modification requested by the mother was in the child's best interest at this particular time.

Finally, to the extent that the father requests more extensive visitation than was granted by Family Court, we note that the weekend schedule formulated by Family Court appears to have been created with the father's present work obligations in mind. We therefore decline to formally amend the father's visitation schedule at this time. However, we note that the custody arrangement of the parties is subject to future modification as the parties may agree and we therefore encourage the parents to be flexible and cooperative as circumstances change such that the child is continually afforded the benefit of the love and support of each of his parents.

Mercure, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.