■ In the Matter of ALAN COLWELL, Respondent, v JUDIE PARKS, Appellant. [843 NYS2d 711]—

Cardona, P.J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered November 29, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Pursuant to a January 1998 order based upon the parties' stipulation, petitioner (hereinafter the father) and respondent (hereinafter the mother) agreed to share joint custody of their daughter (born in 1993), with the mother having primary physical custody and the father having physical custody at various times. In April 2006, the father, alleging certain changes in circumstances, commenced this proceeding seeking sole custody of the child, with the mother having visitation as the parties may agree. Following a fact-finding hearing and also a *Lincoln* hearing, Family Court continued joint legal custody but found that the child's "best interests would be promoted by a change of primary residence to the father's home," and, therefore, granted the father primary physical custody of the child with periodic physical custody to the mother.

Modification of an existing custody arrangement will be granted upon a party demonstrating " 'a change in circumstances which reflects a definite need for modification to ensure the best interests of the [child]' " (*Matter of Borggreen v Borggreen*, 13 AD3d 756, 757-758 [2004], quoting *Matter of Thompson v Thompson*, 267 AD2d 516, 517 [1999]). In determining whether a modification is warranted, a stipulated custody agreement is afforded less weight than an order rendered by the court after a full hearing, and such a stipulation is only one of the factors to be considered (*see Eschbach v Eschbach*, 56 NY2d 167, 171-172 [1982]). Also significant are "the quality of the respective home environments, the child's wishes, the length of time the present custody arrangement has been in place and each parent's past performance, relative competence and capacity to provide for and direct the child's development" (*Matter of De Hamel v Porto*, 22 AD3d 893, 894 [2005]; *see Matter of Eck v Eck*, 33 AD3d 1082, 1083 [2006]). Our authority in custody matters is as broad as that of Family Court, however, we accord def-

erence to that court's assessment of witness credibility, and its factual findings will be disturbed only where they lack a sound and substantial basis in the record (*see Matter of Bessette v Pelton*, 29 AD3d 1085, 1087 [2006]; *Matter of De Losh v De Losh*, 235 AD2d 851, 853 [1997], *lv denied* 89 NY2d 813 [1997]).

Here, Family Court set forth specific factual findings establishing a change in circumstances warranting a modification in custody. These findings, which are supported by the record, included the nature of the parties' relationship with each other and the child, the effect of the parties' remarriages on the child, the child's desires in reference to physical custody and the "suspect" nature of the mother's testimony on some of the issues raised.

With regard to the mother, the record indicates that despite the child's recently discovered asthmatic condition, the mother, her husband and their friends continue to smoke around the child inside the mother's home. Testimony also established that the mother and her husband regularly argue in front of the child about various domestic issues. The child's relationship with her stepfather is limited, and her relationship with her mother has become strained. There was testimony that the mother attempted to interfere with the child's relationship with the father by limiting telephone contact and confiscating personal items given by the father to the child. Finally, although a court-ordered investigation based upon the allegations in the petition resulted in a finding of no maltreatment or substantial risk of maltreatment of the child, Family Court noted the mother's inappropriate use of corporal punishment when the child was disrespectful.

On the other hand, the record established a less stressful environment for the child at the father's home, an amicable relationship between the child and both her father and stepmother, as well as the use of appropriate methods of discipline. Further, although the father and his wife also smoke, they do so outside the home. Accordingly, under all the circumstances herein, we find that Family Court's decision has a sound and substantial basis in the record.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.