■ In the Matter of Leslie K. Eck, Appellant, v Kenneth R. Eck Jr., Respondent. (And Another Related Proceeding.) [870 NYS2d 543]—

Cardona, P.J.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a son (born in 1998) and they shared joint custody upon their divorce in 2001. In June 2005, Family Court, finding that the mother's actions of repeatedly filing unsubstantiated child protective services reports against the father unnecessarily subjected the child to intrusive investigations by law enforcement and child protective workers, awarded sole legal and physical custody to the father, with liberal visitation to the mother, which decision was affirmed by this Court (*Matter of Eck v Eck*, 33 AD3d 1082 [2006]).

Shortly after receiving Family Court's order, the mother commenced the instant modification proceeding seeking sole custody alleging, among other things, that the child sustained numerous

unexplained bruises while in the father's care. Following a fact-finding hearing, Family Court denied the mother's request for modification of custody and dismissed the petition. In addition, upon finding that the mother's conduct continued to be detrimental to the child's well-being, the court, among other things, limited the mother's visitation to Wednesdays from after school until 6:00 P.M. and alternate weekends until she obtained an independent mental health evaluation and followed the recommended course of treatment. The mother now appeals.*

The primary consideration in any custody matter is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]) and an existing custody arrangement will be modified only upon "a party demonstrating a change in circumstances which reflects a definite need for modification to ensure the best interests of the [child]" (Matter of Colwell v Parks, 44 AD3d 1134, 1135 [2007] [internal quotation marks and citations omitted]; Matter of De Hamel v Porto, 22 AD3d 893, 894 [2005]). In determining whether a custody modification is warranted, a court must consider numerous factors, such as the quality of each parents' home environments, the length of time the present custody arrangement has been in place, and each parent's past performance, relative fitness and ability to provide for the child's intellectual and emotional development (see Matter of Reichenberger v Skalski, 24 AD3d 1101, 1102 [2005]; Matter of De Hamel v Porto, 22 AD3d at 894). Although this Court's authority in custody matters is as broad as that entrusted to Family Court, Family Court's findings and credibility determinations are accorded great deference and will not be disturbed on appeal absent a sound and substantial basis in the record (see Matter of Anson v Anson, 20 AD3d 603, 604 [2005], lv denied 5 NY3d 711 [2005]).

We are unpersuaded by the mother's contention that Family Court erred in denying her request for a modification of custody. The record demonstrates that the mother continued her pattern of making numerous unfounded neglect and abuse reports against the father to Child Protective Services during the short time since the entry of the prior custody order. In fact, at least eight reports were made, either by the mother or by the child's doctor at the mother's behest, since the date of the prior custody order. In an effort to document these allegations of abuse, the record establishes that the mother photographed bruises on

---

* Having failed to advance any arguments in connection with the appeal from the order entered October 11, 2006 which dismissed a family offense petition that she filed May 2, 2006, we deem it abandoned (see Matter of Schermerhorn v Breen, 8 AD3d 709, 710 n [2004]).

various parts of the child's body and repeatedly had him examined by the doctor, including an examination for sexual abuse. As a result of these numerous reports, the child and the father continued to be subjected to intrusive investigations in six separate counties. Notably, only one report was indicated, which the record demonstrates was due primarily to the father's initial lack of cooperation. Furthermore, the father testified that the child is increasingly upset over being subjected to such investigations.

In view of the foregoing, the record amply supports Family Court's finding that the mother remains unaware that her conduct is negatively impacting the child's emotional well-being. Under the circumstances, and giving deference to Family Court's factual determinations, a sound and substantial basis exists in the record to support the court's decision (*see Matter of Sanders v Slater*, 53 AD3d 716, 717 [2008]; *Matter of De Hamel v Porto*, 22 AD3d at 894).

Carpinello, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the orders are affirmed, without costs.