■ In the Matter of JEFFREY J. MARTIN, Appellant, v LEA M. MARTIN, Respondent. [878 NYS2d 475]—

Cardona, P.J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered April 8, 2008, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior custody order.

The parties are the divorced parents of one son, born in 1997. In 2005, Family Court (Sgueglia, J.) issued an order upon stipulation granting the parties joint legal custody of the child, with respondent (hereinafter the mother) having primary physical custody and petitioner (hereinafter the father) having liberal visitation. In November 2007, the mother's boyfriend broke into her home and assaulted her in front of the child. The child ran to the neighbor's house for help, the police were called and, once the situation was dealt with, the child returned home with his mother.

The father commenced this proceeding the following day seeking sole custody of the child, alleging chronic alcohol consumption and domestic violence in the mother's home. Following an expedited hearing, Family Court (Connerton, J.) issued a temporary custody order placing the child with the father pending an investigation by Child Protective Services. That order was later extended and the father's child support obligation was suspended pending resolution of the proceeding.

Following a hearing, and after taking judicial notice of all prior Family Court proceedings involving the parties, Family Court (Pines, J.) dismissed the petition, holding that the father had failed to demonstrate that the 2005 custody order should be modified. The court reinstated that order, and the father now appeals.

An established custody arrangement will be altered "only upon a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Passero v Giordano*, 53 AD3d 802, 803 [2008] [internal quotation marks and citations omitted]; *see Matter of Diffin v Towne*, 47 AD3d 988, 990 [2008], *lv denied* 10 NY3d 710 [2008]). "In deciding whether a change of custody is warranted, an existing arrangement borne of the parties' mutual agreement is a factor to be considered, along with the quality of the respective home environments, the child's wishes, the length of time the present custody arrangement has been in place and each parent's past performance, relative competence and capacity to provide for and direct the child's development" (*Matter of De Hamel v Porto*, 22 AD3d 893, 894 [2005] [citations omitted]; *see Matter of Valenti v Valenti*, 57 AD3d 1131, 1133 [2008], *lv denied* 12 NY3d 703 [2009]).

Initially, the father contends that the child's wishes were not fully considered. We do not agree. In its decision, Family Court specifically considered the child's testimony; however, the court explained that it found most of that testimony to be inaccurate or unreliable. In particular, the court noted that the child appeared to have memorized a list of complaints and "seemed to be under some strong pressure to make sure that the entire list was disgorged to the court." Given the court's opportunity to view the child and evaluate his demeanor, as well as our own opportunity to review the child's testimony, we find it appropriate to defer to the court's credibility determination in that regard (*see Matter of Lopez v Robinson*, 25 AD3d 1034, 1035 [2006]).

Furthermore, upon our review of the record as a whole, we are satisfied that it provides "a sound and substantial basis" to support Family Court's custodial determination (*Matter of Eck v Eck*, 57 AD3d 1243, 1244 [2008]; *see Matter of Diffin v Towne*, 47 AD3d at 990).* Notably, the father's claims of abuse and neglect by the mother were not borne out by any of the child

---

* The father's argument that Family Court erred by taking judicial notice of certain other Family Court proceedings involving the same parties is unpersuasive (*see Matter of Anjoulic J.*, 18 AD3d 984, 986 [2005]). Furthermore, to the extent that the court may have considered several domestic

protective investigations initiated by him, and the record does not support the type of physical abuse or excessive alcohol consumption alleged. Nor were the father's allegations of ongoing domestic violence supported by the testimony. Although we are troubled by the fact that the child was exposed to the attack on his mother, we note that the mother, who was asleep when her then boyfriend broke down the door and tried to strangle her, responded appropriately to the incident by ending her relationship with him, having him arrested, and obtaining an order of protection against him. Moreover, the testimony of several witnesses supports the court's conclusion that prior to the change in custody that ensued, the mother and child were strongly bonded. The evidence also confirms that as the child's primary caretaker, the mother maintained a job and was actively involved with his academic progress, including his special education needs.

The father, on the other hand, despite his claims to be interested in the child's academic performance, did not appear to be aware of the child's learning disability or special educational needs. Additionally, although he claims that the child needs counseling to deal with the trauma of the attack on his mother, he made no meaningful effort to arrange for it when the child was in his custody. And importantly, he does not appear to have cooperated with the mother's attempts to arrange visitation with the son during the course of the temporary custody arrangement, resulting in her having visited with the son for only four hours in four months.

In sum, although we recognize that the father also has a close relationship with the child, under all of the circumstances, we find that the record provides a sound and substantial basis to support Family Court's decision continuing the custody arrangement established in the 2005 order.

Peters, Lahtinen, Kane and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

violence indications against the father without giving him an opportunity to challenge their accuracy (*see Matter of Justin EE.*, 153 AD2d 772, 774 [1989], *lv denied* 75 NY2d 704 [1990]), we find any error to have been harmless in light of the other evidence supporting the custodial determination.