■ In the Matter of LEE K. BRONSON, Appellant, v NURIA BRONSON, Respondent. (And Another Related Proceeding.) [881 NYS2d 197]—

Peters, J.P. Appeal from an order of the Family Court of Broome County (Pines, J.), entered February 14, 2008, which, among other things, dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

The parties are the parents of Jason (born in 1995), and respondent (hereinafter the mother) is the parent of Ezequiel (born in 1991). Following their separation, they were awarded joint custody of the children, with primary physical custody to the mother and visitation on alternating weekends to petitioner (hereinafter the father). In 2006, the prior custody order was modified by, as relevant here, awarding the father additional visitation with the children one weekday after school and at such further times as the parties may agree. Since then, the visitation schedule has not been strictly adhered to and Jason has visited with the father nearly every day after school.

In June 2007, the father commenced the instant modification proceeding seeking primary physical custody of Jason, alleging as a change of circumstances that the child desired to live with him. The mother cross-petitioned, requesting termination of the father's visitation with Ezequiel and supervised visitation with Jason.[1] At the ensuing fact-finding hearing, the father agreed that sole custody of Ezequiel should be granted to the mother, and an order was entered accordingly. Following a *Lincoln* hearing with Jason and the conclusion of all testimony, Family Court dismissed the petitions and continued Jason's primary physical

---

1. During the fact-finding hearing, the mother abandoned her request that the father be limited to supervised visitation with Jason.

residence with the mother as well as alternating weekend visitation for the father. Finding that a more structured order for additional visitation was necessary in light of the parties' history, the court also deleted the provision awarding the father one weekday of visitation after school and directed that any expansion of the specified schedule be effectuated by a prior agreement of the parties. The father now appeals, and we affirm.[2]

"An established custody arrangement will be altered 'only upon a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child' " (*Matter of Martin v Martin*, 61 AD3d 1297, 1298 [2009], quoting *Matter of Passero v Giordano*, 53 AD3d 802, 803 [2008]; *see Matter of Gorham v Gorham*, 56 AD3d 985, 986 [2008]). Upon appeal, Family Court's findings and credibility determinations are accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Eck v Eck*, 57 AD3d 1243, 1244 [2008]; *Matter of Colwell v Parks*, 44 AD3d 1134, 1135-1136 [2007]).

Here, the father's proof fell far short of demonstrating a change of circumstances necessitating a real need for a change in the established custody situation. The father asserted that he should be awarded primary physical custody because Jason wanted to live with him, he was increasingly involved in the child's day-to-day activities, such as assisting him with homework, and because Jason's brother Ezequiel was engaging in inappropriate conduct in the mother's home. Yet, there was no showing that Jason's welfare would be substantially enhanced by a change of custody or that the mother was unfit or less fit to continue as the custodial parent (*see Matter of Meyer v Lerche*, 24 AD3d 976, 977 [2005]; *Matter of Daniels v Guntert*, 243 AD2d 891, 892 [1997]). Rather, Jason's performance in school actually declined under the father's tutelage. Moreover, the mother's testimony, which Family Court found credible, established that she remained devoted and actively engaged in Jason's care and supported the father having a role in the child's life. The father, on the other hand, took advantage of the mother's willingness to allow additional visitation with Jason after school by consistently refusing to return the child at a mutually agreeable time. He also degraded the mother in the children's presence, encouraged them to disrespect the mother and disobey her rules, and left sexually explicit materials lying

2. This is the third time that we have addressed the matter of custody and visitation of these children (*Matter of Bronson v Bronson*, 37 AD3d 1036 [2007]; *Matter of Bronson v Bronson*, 23 AD3d 932 [2005]).

around his home in plain view of the children. Although Family Court acknowledged Jason's expressed preference to live with the father, it did not find this sufficient to change custody, and specifically noted that the child's testimony appeared thoroughly "coached" and a byproduct of the influence of the father (*see Matter of Goodfriend v Devletsah-Goodfriend*, 29 AD3d 1041, 1042 [2006]; *Matter of Reichenberger v Skalski*, 24 AD3d 1101, 1102 [2005]; *Matter of Yetter v Jones*, 272 AD2d 654, 656 [2000]). Based upon our review of the record, we find a sound and substantial basis supporting Family Court's refusal to disturb the custody arrangement.

Rose, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.