In the Matter of TERRY I., Respondent, v BARBARA H., Appellant. [892 NYS2d 685]—

Stein, J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a son (born in 2000). Pursuant to the most recent custody order, the mother and father shared joint legal custody and the mother had primary physical custody of the child, with the father having specified parenting time. Between kindergarten and second grade, the child has had emotional and behavioral problems at home and at school and the mother has moved him between three different schools in an apparent attempt to address those issues. Among other things, the child has exhibited signs of self-mutilation—including scratching of his face—and expressed suicidal thoughts.

Upon arriving at the father's residence one morning in February 2008, the child reported that his mother had slapped him across the face hard enough to cause preexisting, self-inflicted cuts to bleed. The father took the child to Child Protective Services where an interview of the father and the child was conducted and photographs of the child's face were taken. As a result, the mother was indicated (see Social Services Law § 412 [7]) for lacerations, welts, bruises and inadequate guardianship. The father subsequently commenced this proceeding to obtain primary physical custody of the child. The parties stipulated to a temporary order granting the father physical custody of the child with the mother having regularly scheduled parenting time.* After a hearing, Family Court found a significant change in circumstances warranting a modification of the existing custody order, awarded the father sole legal and physical custody of the child and limited the mother's parenting time to one 24-hour period each weekend. The mother now appeals.

Giving due deference to the credibility determinations made by Family Court, we find that the record supports the court's determination that there has been a change in circumstances warranting a modification of the prior custody order (see Matter of Siler v Wright, 64 AD3d 926, 928 [2009]). For example, the testimony and other evidence established that the child was exhibiting dangerous behaviors arising out of significant emotional and behavioral issues that the mother had failed to recognize or adequately address—as demonstrated by, among other things, her refusal to cooperate with school officials and her discontinuance of psychological counseling for the child despite their recommendations that such counseling was necessary—and that the mother had used excessive corporal punish-

---

* The mother's parenting time was on Tuesdays and Thursdays from 5:30 P.M. to 7:30 P.M. and on alternate weekends from Friday at 5:30 P.M. to Sunday at 5:30 P.M.

ment. Therefore, Family Court properly proceeded to a best interests analysis (see Matter of Meyer v Lerche, 24 AD3d 976, 976-977 [2005]; see generally Matter of Nikki O. v William N., 64 AD3d 938, 939 [2009], lv dismissed 13 NY3d 825 [2009]; Matter of Bronson v Bronson, 63 AD3d 1205, 1206 [2009]; Matter of Martin v Martin, 61 AD3d 1297, 1298 [2009]).

It is well settled that "[i]n determining whether a modification will serve the best interests of the children, factors to be considered include maintaining stability in the children's lives, the quality of the respective home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for and guide the children's intellectual and emotional development" (Matter of Siler v Wright, 64 AD3d at 928). Here, a Child Protective Services caseworker testified that, during his interview with the child, the child reported that, when he failed to brush his teeth, his mother "hit [him] really, really hard," that "it was scary to be with mom" and that "when mommy's being really mean to him he scratches himself." It is undisputed that the mother did not believe that psychological counseling was necessary for the child. In addition, despite her knowledge that the child had expressed suicidal thoughts, the mother refused to allow the school to contact her unless there was an emergency and, even then, the contact was limited to e-mail. Several school personnel testified to the mother's overall lack of cooperation. The mother's denials and/or explanation of her alleged conduct created a credibility issue, which Family Court was in the best position to resolve (see Matter of Benjamin L., 9 AD3d 153, 155 [2004]).

In contrast, since the father has had physical custody of the child, he has facilitated the child's participation in counseling on a regular basis. There was testimony from school personnel that the child's self-mutilation behavior has ceased, there has been no expression of suicidal thoughts, the child's behavior and performance in school has substantially improved and the father has fully cooperated with them. While there was also evidence of the father's shortcomings as a parent, the record overwhelmingly supports Family Court's determination that an award of primary physical custody to the father is in the child's best interests.

Nonetheless, we do not find sufficient support in the record for Family Court's reduction of the mother's parenting time as compared with the parenting time she enjoyed under the temporary order. There is no evidence that the parenting time that the mother enjoyed under the temporary order was inimi-

cal to the child's best interests, nor did the father or the Law Guardian make an argument to that effect. In fact, as set forth above, the evidence indicated that the child had substantially improved under the custodial arrangements in place at the time of the trial. In view of the general policy favoring frequent and regular access by the noncustodial parent, we cannot say that Family Court's limited schedule has a sound and substantial basis in the record before us (*compare Matter of Daniel v Pylinski*, 61 AD3d 1291, 1292 [2009]).

We also agree with the mother's assertion that Family Court improperly awarded the father sole legal custody, as neither the petition nor the father's testimony provided the mother with notice that he sought to modify the existing order of joint legal custody (*see Matter of Adams v Bracci*, 61 AD3d 1065, 1067 [2009], *lv denied* 12 NY3d 712 [2009]; *Matter of Williams v Taylor*, 234 AD2d 809, 810-811 [1996]; *compare Matter of Kowatch v Johnson*, 68 AD3d 1493 [2009]).

Cardona, P.J., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as awarded petitioner sole legal custody and as limited respondent's parenting time to one 24-hour period per week; the parties are awarded joint legal custody of the child and matter remitted to the Family Court of Fulton County for a hearing on parenting time for respondent; and, as so modified, affirmed.