In the Matter of MICHAEL FITZPATRICK, Appellant, v CINDY FITZPATRICK, Respondent. (And Another Related Proceeding.) [909 NYS2d 795]—

Cardona, P.J. Appeals (1) from an order of the Family Court of Washington County (Pritzker, J.), entered September 9, 2009, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior visitation order, and (2) from an order of said court, entered September 4, 2009, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in violation of a prior order.

Pursuant to a March 2008 Family Court order entered upon stipulation, petitioner (hereinafter the father) and respondent (hereinafter the mother) share joint legal and physical custody of their two sons, Cody (born 1996) and Colton (born 1998). In 2009, the parties each petitioned to modify custody, however, the mother's petition was ultimately withdrawn. In addition, the father filed a petition alleging that the mother violated a separate Family Court order requiring her to delete both children's accounts from the MySpace social networking site. Following a fact-finding hearing, the court determined that there was no significant change in circumstances and declined to modify the custody arrangement.[1] By separate order, the court dismissed the violation petition. The father appeals from both orders.

Turning first to the father's contention that Family Court erred in denying his request to alter the custody arrangement, we note that "[m]odification of an established custody arrangement requires 'a showing of sufficient change in circumstances

---

benefits are not inconsistent but complimentary" (9 Larson's Workers' Compensation Law § 145.07 [5]).

1. Family Court did modify the prior custody order by adding certain conditions that are not challenged by either party.

reflecting a real need for change in order to insure the continued best interest of the child' " (*Matter of Rue v Carpenter*, 69 AD3d 1238, 1239 [2010], quoting *Matter of Martin v Martin*, 61 AD3d 1297, 1298 [2009]; *see Matter of Eck v Eck*, 57 AD3d 1243, 1244 [2008]). Under the 2008 order, the parties' custody schedule results in the children spending weekends with the mother and most school nights with the father. The parties share custody equally during school vacations and holidays. The father contends that the children's poor academic performance, as well as their misbehavior at school and at home, establish a change in circumstances warranting modification of that arrangement to allow him custody during the full school week and on one weekend each month.

Upon reviewing this record, which includes, among other things, the parties' testimony, transcripts of the *Lincoln* hearings, and the psychological report evaluating the custody arrangement, we find "a sound and substantial basis" (*Matter of Eck v Eck*, 57 AD3d at 1245; *see Matter of Bronson v Bronson*, 63 AD3d 1205, 1206 [2009]) for Family Court's conclusion that the children's academic and behavioral problems are caused not by the existing custody arrangement, but rather by the long-standing animosity between the parties.[2] The father has not shown that a change in custody would alleviate that situation or otherwise enhance the children's welfare (*see Matter of Bronson v Bronson*, 63 AD3d at 1206). Indeed, under the existing arrangement, the father presently has custody of the children on the majority of school nights, and he submitted no proof that the mother's influence has adversely affected their schoolwork or caused their problems with classmates.

With respect to the violation petition, Family Court credited the mother's testimony that she deleted the children's MySpace accounts as quickly as possible given the technical problems she encountered, and that she allowed Cody access to her personal account strictly for the limited purpose of chatting with his friends and only after the attorney for the children advised her that doing so would not violate the court's order. Given the court's opportunity to observe the mother's testimony, we defer to its assessment of her credibility (*see Matter of Shelby B.*, 55 AD3d 986, 988 [2008]; *Matter of Blaize F.*, 48 AD3d 1007, 1009 [2008]). Accepting that credibility determination, we find that the father did not meet his burden of demonstrating by "clear and convincing evidence" that the mother willfully violated the

---

2. Family Court addressed its concerns in that regard by ordering the parties, among other things, to attend parenting classes and enroll the children in mental health counseling.

court's order (*Matter of Blaize F.*, 48 AD3d at 1008; *see Matter of Shelby B.*, 55 AD3d at 987).

To the extent that the father argues that the mother violated a different order of the court by allowing her boyfriend to drive with the children in the car, we note that this conduct was not a subject of the violation petition and, in. any event, the court expressly noted that it would consider the matter relative to the request for modification.

Peters, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the orders are affirmed, without costs.