■ In the Matter of KEVIN BOUWENS, Appellant, v CHRISTINE BOUWENS, Respondent. (And Two Other Related Proceedings.) [927 NYS2d 215]—

Kavanagh, J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) married in 1995 and have three children (born in 1994, 1998 and 2000). In 2001, the parties were divorced and the mother was awarded custody of the children. However, in December 2008, an order was issued on consent of the parties awarding the father custody of the oldest child, while the two younger children remained with their mother. Six months later, the father commenced these proceedings seeking custody of the two younger children. After the father completed the presentation of his evidence at the hearing, Family Court found that the father had failed to demonstrate that a sufficient change in circumstances had occurred since the order was filed that would warrant a modification of the existing custodial arrangement and granted the mother's motion to dismiss the petitions. The father now appeals.

To prevail, the father was required to make a "showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child[ren]" (*Matter of Fitzpatrick v Fitzpatrick*, 77 AD3d 1108, 1108-1109 [2010] [internal quotation marks and citations omitted]; *see Matter of Witherow v Bloomingdale*, 40 AD3d 1203, 1204 [2007]). In support of his petitions, the father claimed that

since the order was entered, one of the children in the mother's custody had begun to exhibit profound behavioral problems and both children's performances at school had significantly deteriorated. He also alleged that, throughout this period, the mother failed to involve him in medical decisions affecting the children and routinely refused to abide by the provision in the order that she arrange to transport the children so they can visit with him. He also claimed that the mother had commingled various medications that she provides for their son when he visited with him and did not provide eyeglasses that their daughter had desperately needed. Finally, the father contended that he could provide a more stable and wholesome environment for all three children in his home and that the two children now in the mother's custody would benefit by being united with their older sibling.

Even if the evidence submitted by the father in support of these petitions were accepted as true and accorded every favorable inference, it would not establish that a change in circumstances has occurred that would warrant a modification in the existing custodial arrangements (see Matter of Nikki O. v William N., 64 AD3d 938, 938 [2009], lv dismissed 13 NY3d 825 [2009]; Matter of Kerwin v Kerwin, 39 AD3d 950, 951 [2007]). Specifically, in support of his petitions, the father submitted his own testimony, as well as that of his current wife and the parties' oldest child.[1] Initially, we note that this child's testimony focused exclusively on the mother's conduct and conditions that existed in her home prior to the entry of the current order and, as such, cannot serve as a basis for concluding that a change in circumstances has occurred (see Matter of Fielding v Fielding, 41 AD3d 929, 930 [2007]). As for the father's testimony, and that of his current wife, regarding the mother's parenting ability, such testimony was not sufficient to establish that a change in circumstances has occurred (see Matter of Robert SS. v Ashley TT., 75 AD3d 780, 782 [2010]; Matter of Witherow v Bloomingdale, 40 AD3d at 1204). There is no support in the record that the mother is solely responsible for the behavioral problems presently being encountered by one of the children or that this issue exists as a direct result of conditions that exist in the mother's home or because of her relationship with the child. In this regard, we note that the child's counselor testified that these behavioral problems were in large measure attributable to "the family dynamics which were a large problem for the child." Also, while the younger children's school performance has undoubtedly deteriorated since the order has been entered—

---

1. Family Court also heard the testimony of the one child's therapist, who was called by the mother but was heard out of order.

and may well be caused, at least in part, by the acrimony that characterizes the present state of the parties' relationship—no competent evidence has been presented that this academic decline is due to how the mother interacts with the children (*see Matter of Tavernia v Bouvia*, 12 AD3d 960, 961 [2004]). Also, the mother submits that she no longer commingles any of the children's medications prior to their visits and the eyeglasses for the one child have now been provided.[2]

Finally, the evidence received by Family Court establishes that both parties are equally responsible for their inability to communicate with each other regarding the children and no evidence has been presented that this situation will resolve if the father is granted custody of all three children (*see Matter of Bronson v Bronson*, 63 AD3d 1205, 1206 [2009]). Based on the foregoing, Family Court's decision to dismiss the father's petitions should in all respects be affirmed (*see Matter of Fitzpatrick v Fitzpatrick*, 77 AD3d at 1109).

Mercure, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

2. While the mother was, for financial reasons, unable to obtain eyeglasses for the child, the record shows that the father, during this same period, was not always current in the payment of child support.