▮ In the Matter of NOAH P. BOND, SR., Appellant, v EILEEN M. BOND, Respondent. [940 NYS2d 705]—

Garry, J. Appeal from an order of the Family Court of Rensselaer County (Cholakis, J.), entered November 16, 2010, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of six children. The three youngest children, two daughters (born in 1994 and 1995) and a son (born in 2001), are the subject of the proceeding on appeal. In November 2004, the parties stipulated to a custody arrangement by which the mother had sole legal and primary physical custody of the three children, with extended alternate weekend visitation with the father. This agreement was later incorporated into a custody order in January 2005 and the judgment of divorce in March 2007. In April 2010, the father filed a petition for modification seeking, among other things, joint legal and primary physical custody of the younger daughter and joint legal and shared physical custody of the son. Following trial, Family Court dismissed the petition on the ground that the father had failed to establish a sufficient change in circumstances. The father appeals.

"The party seeking modification of a custody order must first prove that there has been a sufficient change in circumstances since the entry of the prior order to require the court to reexamine the issue of custody" (*Matter of Clark v Ingraham*, 88 AD3d 1079, 1079 [2011] [citations omitted]; *see Matter of Fox*

*v Grivas*, 81 AD3d 1014, 1015 [2011]). Here, the father's petition alleged that the two younger children wished to spend more time with him, that the mother was verbally and physically abusive, and that the mother disappointed the younger daughter by failing to bring her to an out-of-state award ceremony.

As to the events surrounding the award ceremony, we defer to Family Court's credibility determinations (*see Matter of Jeker v Weiss*, 77 AD3d 1069, 1070 [2010]; *Matter of Schermerhorn v Breen*, 8 AD3d 709, 710 [2004]) and, as the allegations of abuse were unsubstantiated and the children's preferences standing alone did not establish a sufficient change in circumstances, there is a sound and substantial basis in the record supporting Family Court's determination (*see Matter of Sharyn PP. v Richard QQ.*, 83 AD3d 1140, 1143 [2011]; *Matter of Witherow v Bloomingdale*, 40 AD3d 1203, 1204-1205 [2007]). The trial testimony and decision referenced events occurring prior to the existing custody order. As the father argues, relying upon those prior events would be improper in assessing whether there had been a change in circumstances (*see Matter of Bouwens v Bouwens*, 86 AD3d 731, 732 [2011]). Upon review, however, we find that the analysis does not rely upon these extraneous references.

Finally, we reject the father's contention that Family Court's error in failing to afford him the opportunity to make a closing statement requires reversal (*see* CPLR 4016 [a]). At the conclusion of the fact-finding hearing, the father's counsel stated that he wished to make a short closing statement only if the mother did so, and the court indicated that arrangements would be made following the *Lincoln* hearing. The mother subsequently submitted a written closing statement; the father neither responded to this submission nor requested a further appearance, and more than four weeks passed before the decision was rendered. Considering these circumstances, and that the court was fully familiar with the facts of the case as well as the parties' arguments, no reversible error occurred (*compare Matter of Saggese v Steinmetz*, 83 AD3d 1144, 1145 [2011], *lv denied* 17 NY3d 708 [2011]; *Lohmiller v Lohmiller*, 140 AD2d 497, 498 [1988]).

Peters, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.