■ In the Matter of JENNIFER L. MILLER, Appellant, v LEONARD J. MILLER JR., Respondent. [942 NYS2d 703]—

Mercure, J.P. Appeal from an order of the Family Court of

---

Schoharie County (Bartlett, III, J.), entered May 23, 2011, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

In 2005, the parties stipulated to an order that awarded respondent (hereinafter the father) custody of their three daughters. Petitioner (hereinafter the mother) commenced this proceeding to modify the custody arrangement, asserting that she should be awarded custody of the middle child (born in 1996, hereinafter the child) because the child had developed behavioral issues and was doing poorly in school due to the father's alleged noncompliance with the child's mental health treatment, and the child had expressed a strong desire to reside with her. Following fact-finding and *Lincoln* hearings, Family Court dismissed the petition, finding that the mother failed to prove a substantial change in circumstances. The mother now appeals.

Initially, we agree with the mother and the attorney for the child that circumstances have substantially changed since the entry of the prior custody order, necessitating a best interests analysis (*see e.g. Matter of McGovern v McGovern*, 58 AD3d 911, 913-914 [2009]). Nevertheless, our independent review of the record convinces us that the child's best interests are served by the present custody arrangement and, thus, we affirm (*see Matter of Knight v Knight*, 92 AD3d 1090, 1091-1092 [2012]; *cf. Matter of McGovern v McGovern*, 58 AD3d at 915).

In assessing a child's best interests, "an existing arrangement borne of the parties' mutual agreement is a factor to be considered, along with the quality of the respective home environments, the child's wishes, the length of time the present custody arrangement has been in place and each parent's past performance, relative competence and capacity to provide for and direct the child's development" (*Matter of De Hamel v Porto*, 22 AD3d 893, 894 [2005] [citation omitted]; *accord Matter of Prefario v Gladhill*, 90 AD3d 1351, 1353-1354 [2011]). Here, the father has a full-time job and has provided a stable and supportive home environment for the children since 1999. The record further evinces that the father has actively addressed the child's deteriorating academic performance and consulted with school officials and mental health professionals in developing a response. While the mother asserts that the father exercised poor judgment in discontinuing counseling and medication for the child, he did so out of concern over the quality of counseling provided and the dangerous side effects of the medication. In any event, the father admitted that he made a mistake in unilaterally terminating the child's treatment, and has since re-enrolled her in counseling.

As the mother argues, the child's desire to live with her is "entitled to great weight" given her age, but it is not dispositive, and a variety of factors weigh against an award of custody to the mother (*Matter of McGovern v McGovern*, 58 AD3d at 915; *see Matter of Burch v Willard*, 57 AD3d 1272, 1273 [2008]). In contrast to the stable living environment offered by the father, the mother is unemployed and resides with her parents due to her ongoing struggles with substance abuse. Moreover, the mother resides a substantial distance away from the father and the child's sisters, her visitation with the children has been infrequent, and she previously has had difficulties in disciplining them when visitation does occur. In addition, the child's relationship with her mother has been stressful, and the two have not engaged in family counseling recommended to resolve the tension between them. Finally, the mother has not been involved in addressing the child's academic difficulties and was admittedly unaware of any academic support programs that would be available in her area. Under these circumstances, we conclude that the existing custody arrangement remains in the child's best interests (*see Matter of De Hamel v Porto*, 22 AD3d at 894-895).

Spain, Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.