Matter of Jillian EE. v Kane FF. (2018 NY Slip Op 07010)





Matter of Jillian EE. v Kane FF.


2018 NY Slip Op 07010


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018


[*1]In the Matter of JILLIAN EE., Respondent,
v
KANE FF., Appellant. (And Another Related Proceeding.)

Calendar Date: September 10, 2018

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Pritzker, JJ.


Paul J. Connolly, Delmar, for appellant.
Christopher Hammond, Cooperstown, for respondent.
Pamela D. Gee, Big Flats, attorney for the child.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from an order of the Family Court of Chemung County (Rich Jr., J.), entered May 18, 2017, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a son (born in 2011). Prior court orders provided for joint legal custody, primary physical custody to the mother and visitation to the father every other weekend. The mother filed a petition seeking to terminate the father's visits based on allegations that the child returned home with bruises. The father then filed a petition seeking sole custody based on parental alienation.
Following a hearing on both petitions, Family Court granted the mother's motion to dismiss the father's petition. Having determined that joint custody was no longer appropriate due to the history of domestic violence between the parties, the court granted the mother sole legal and physical custody, with supervised visitation to the father and a requirement that he enroll in a domestic violence education class. The father appeals.
We affirm. Although Family Court erred in not providing the father an opportunity to respond to the mother's motion to dismiss his petition prior to granting that motion, the error was harmless. The court held a full evidentiary hearing. At the end of the proof, the mother moved to dismiss the father's petition. Immediately after the court granted that motion, the parties were permitted to make closing arguments in relation to the mother's petition. At that time, the father's counsel raised parental alienation by the mother, which had been the basis for his petition. The court then ruled from the bench in the mother's favor. While, under the proper procedural order, the court would have allowed a response by opposing counsel prior to ruling on a motion to dismiss, the court did receive arguments from all parties before issuing its final ruling, in which [*2]the court agreed that the mother had made efforts to drive the father away from the child, but that the parties' prior history of domestic violence and the unexplained bruises on the child demonstrated that her actions were not unreasonable alienation. Thus, the deviation from the normal procedure was harmless (see e.g. Matter of Kashif II. v Lataya KK., 99 AD3d 1075, 1076-1077 [2012]; Matter of Justin EE., 153 AD2d 772, 774 [1989], lv denied 75 NY2d 704 [1990]).
Family Court's custody decision was supported by a sound and substantial basis in the record. "Given the superior position of Family Court to observe and evaluate the witnesses' testimony, its factual findings and credibility assessments are to be accorded great deference, and we will not disturb its custodial determination if supported by a sound and substantial basis in the record" (Matter of Brent O. v Lisa P., 161 AD3d 1242, 1243 [2018]; see Matter of Cooper v Williams, 161 AD3d 1235, 1236-1237 [2018]). Although the mother did not specifically request sole custody in her petition or at the hearing, the father was certainly on notice that legal custody would be at issue in the hearing, in light of his own petition seeking sole custody (see Matter of Vanita UU. v Mahender VV., 130 AD3d 1161, 1163 [2015], lv dismissed and denied 26 NY3d 998 [2015]; Matter of Kowatch v Johnson, 68 AD3d 1493, 1495 [2009], lv denied 14 NY3d 704 [2010]). Family Court reasonably concluded that joint custody was not feasible based on the mother's testimony, which the court found credible, that she was subjected to domestic violence by the father. This testimony was supplemented by testimony from one of the father's witnesses — his former girlfriend and the mother of one of his other children — who similarly experienced domestic violence while in a relationship with the father. "Once Family Court determined that joint custody was not feasible, it was incumbent upon [the court] to determine a custodial arrangement based upon the best interests of the child[] despite the absence of a petition definitively seeking sole custody" (Matter of Kowatch v Johnson, 68 AD3d at 1495 [internal quotation marks and citation omitted]; accord Matter of Mahoney v Regan, 100 AD3d 1237, 1237-1238 [2012], lv denied 20 NY3d 859 [2013]; see Matter of Engelhart v Bowman, 140 AD3d 1293, 1294 [2016]).
The mother testified that the child began acting out toward her, his grandmother and his aunts when he would return from the father's home. The child's behaviors included kicking, hitting, scratching, biting and using curse words. The mother explained that when she asked the child why he was acting in this manner, he responded that the father treats him that way. Pictures of numerous bruises on the child's feet, arms and legs documented the mother's assertions regarding the child's condition when he returned from his two most recent visits with the father. Some of the bruises looked like fingerprints, and the child stated that the father had squeezed, punched and hit him. As a result, the mother enrolled the child in counseling, filed her petition and obtained a temporary order suspending visits. The mother further testified that the child's behavior was improving since the suspension of the father's visits. Given the mother's testimony and the photographic evidence of abuse perpetrated by the father, the mother established a change in circumstances to warrant a best interests analysis (see Matter of Kimberly CC. v Gerry CC., 86 AD3d 728, 730 [2011]).
The father presented several witnesses who testified that he was a loving father, they had never seen him treat the child roughly or discipline him physically, and the child was affectionate and not afraid of the father. Although the father testified that he did not cause the bruises on the child and never laid a hand on him, the record lacked any explanation for the bruises. Additionally, the father testified that the mother waged a campaign to limit his contact with the child and attempted to alienate the child from him. In contrast, the mother testified that, although she sought to terminate the father's visits to protect the child's safety, she never previously prevented the father from spending time with or contacting the child and never talked poorly about the father to him.
Family Court determined that the mother had made some efforts in driving the father away from the subject child but for a valid reason — to protect him from the father's violent behavior. The court found the mother's testimony credible. That testimony, along with the photographic evidence, the recollection of events by the father's former girlfriend and her [*3]petitions against the father, highlighted the father's history of abuse towards others. Family Court was further troubled that there was no explanation for the child's bruises. The mother established that she worked full time, provided the child with a stable home environment and enrolled him in counseling services to address his behavioral issues. She also indicated a willingness to permit the child to continue to see the father, albeit on a supervised basis. Thus, the record provides a sound and substantial basis to support Family Court's determination that it is in the child's best interests to grant sole legal and physical custody to the mother, with supervised visitation to the father (see Matter of Fountain v Fountain, 130 AD3d 1107, 1108-1109 [2015]; Matter of Brown v Akatsu, 125 AD3d 1163, 1165-1166 [2015]).
Lynch, Devine, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.