Matter of Elizabeth S. v Ben T. (2021 NY Slip Op 01095)





Matter of Elizabeth S. v Ben T.


2021 NY Slip Op 01095


Decided on February 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

527762

[*1]In the Matter of Elizabeth S., Appellant,
v
Ben T., Respondent.

Calendar Date: January 12, 2021

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Amanda FiggsGanter, Albany, for appellant.
Joan E. Mencel, Endwell, attorney for the child.



Lynch, J.
Appeal from an order of the Family Court of Chemung County (Tarantelli, J.), entered October 4, 2018, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a daughter (born in 2006). Pursuant to the terms of a March 2013 order entered upon stipulation, Family Court (Keene, J.), awarded the parties joint legal custody of the child, with primary physical custody to the father and a schedule of parenting time to the mother. In December 2017, the mother filed a petition to modify the March 2013 order, seeking primary physical custody of the child upon allegations that the child was "struggling w[ith] life at [the] father's house, which [was] sever[e]ly impacting her school life." The mother additionally claimed that the father was a sex offender, and that the child was displaying symptoms of abuse, had an unhealthy relationship with the father's wife (hereinafter the stepmother) and had expressed a desire to live with the mother. The father filed a demand for a bill of particulars and moved to dismiss the mother's petition. Following full fact-finding and Lincoln hearings, Family Court (Tarantelli, J.), dismissed the mother's modification petition, finding that she failed to establish a change in circumstances warranting a reexamination of any aspect of the March 2013 order. The mother appeals, challenging Family Court's dismissal of her modification petition.
We affirm. "A parent seeking to modify an existing custody order 'must first demonstrate that a change in circumstances has occurred since the entry thereof to warrant a review of the child[]'s best interests. If this threshold burden is met, the parent must then demonstrate that modification of the underlying order is necessary to ensure the child[]'s continued best interests'" (Matter of Cooper v Williams, 161 AD3d 1235, 1236 [2018], quoting Matter of Fiacco v Fiacco, 158 AD3d 1011, 1012 [2018]; see Matter of Matthew DD. v Amanda EE., 187 AD3d 1382, 1382 [2020]). As Family Court is in a superior position to observe and evaluate witnesses, "great deference is accorded to its credibility assessments and factual findings, and we will not disturb its . . . determination so long as it is supported by a sound and substantial basis in the record" (Matter of Cooper v Williams, 161 AD3d at 1236-1237 [internal quotation marks and citations omitted]; see Matter of Amanda I. v Michael I., 185 AD3d 1252, 1254 [2020]).
Contrary to the mother's contention, Family Court's determination that she failed to demonstrate a change in circumstances warranting a review of the child's best interests is supported by a sound and substantial basis in the record. Despite alleging in her petition that the father was an "[a]busive [p]erson," the mother proffered no evidence that the father had physically or emotionally abused the child, either [*2]prior to or after entry of the March 2013 order. To the contrary, there was testimony at the fact-finding hearing demonstrating that the child has a good relationship with the father and that he engages in appropriate disciplinary tactics. Moreover, the mother's assertion that the father is a sex offender was premised solely upon the fact that the child was born when the mother was 15 years old and the father was 19 years old — facts that occurred prior to entry of the March 2013 order (see Matter of Bond v Bond, 93 AD3d 1100, 1101 [2012]). Although the evidence at the hearing established that the child had started acting out in school following entry of the March 2013 order — incurring a disciplinary record for some concerning behavior — the father and the stepmother both testified that the child's behavioral issues began when the mother started exercising her parenting time on a more frequent basis and generally correlated with the days that the child was in her care. There was no evidence indicating that the deterioration in the child's behavior was in any way connected to the current custodial arrangement, and the father and the stepmother have taken appropriate steps to address the child's issues, including by speaking with school guidance counselors and appropriately disciplining the child when she acts out [FN1] (see Matter of Bouwens v Bouwens, 86 AD3d 731, 732-733 [2011]; Matter of Bronson v Bronson, 63 AD3d 1205, 1206 [2009]; compare Matter Rosen v Rosen, 162 AD3d 1283, 1284-1285 [2018]).
Moreover, the mother failed to sufficiently prove that the stepmother was verbally and emotionally abusive to the child (see Matter of Bond v Bond, 93 AD3d at 1101). Although the mother testified that she had witnessed the stepmother yell at the child during visitation exchanges and that the child sometimes appeared upset when it was time to return to the father's residence — testimony which was generally corroborated by the maternal grandmother and her fiancÉ — the stepmother unequivocally refuted the allegation that she was abusive. She explained that, although she informed the mother and the grandmother when the child misbehaved, she did so only in response to their questioning and never in a loud or inappropriate tone. The father testified that the stepmother had a good relationship with the child and presented two witnesses, neither of whom were family members; one of the witnesses described the stepmother as an "excellent" parent and the other one testified that the stepmother treated the child "very fair[ly]." The conflicting testimony on this issue presented a classic credibility determination for Family Court to resolve and to which we must defer (see Matter of Amanda I. v Michael I., 185 AD3d at 1254; Matter of Cooper v Williams, 161 AD3d at 1236-1237). Finally, the child's preferences, standing alone, did not establish a change in circumstances (see Matter of Bond v Bond, 93 AD3d at 1101), particularly given the absence of "other additional [*3]factors militating in favor of altering the longstanding and otherwise successful custodial arrangement" (Matter of Repsher v Finney, 111 AD3d 1074, 1075 [2013]). Accordingly, we see no basis upon which to disturb Family Court's dismissal of the mother's modification petition (see Matter of Aaron K. v Laurie K., 187 AD3d 1423, 1425-1426 [2020]; Matter of Michael YY. v Michell ZZ., 149 AD3d 1284, 1285 [2017]).
Even if the mother had satisfied her threshold burden, we would find that modifying the March 2013 order to grant her primary physical custody was not in the child's best interests (see Matter of Cooper v Williams, 161 AD3d at 1238). Both parties appear to be fit and loving parents with whom the child is bonded. However, the father had been the primary custodian for approximately 10 years at the time of the fact-finding hearing. During that time, he provided a stable home environment for the child and has taken appropriate steps to address her behavioral issues at school. The child is bonded with her three-year-old half sister, with whom she resides at the father's residence, and has her own bedroom at his house. The mother, by contrast, did not begin regularly exercising her parenting time until approximately two years prior to the fact-finding hearing and has four other children residing with her on a full-time basis, requiring the subject child to share a bedroom while in her care. On this record, there is a sound and substantial basis to support Family Court's determination.
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Although we are mindful that the father only engaged the services of a therapist for the child after the mother filed the modification petition, he explained that the child was initially resistant to seeing a therapist and was talking to a school guidance counselor prior thereto.