Per Curiam.

Contrary to respondent’s assertion, the order refusing to declare petitioner competent to manage herself and her affairs is final and appealable to this court, as of right, by virtue of a dissent in the Appellate Division (Civ. Prac. Act, § 588).
In our opinion, petitioner has, as a matter of law, demonstrated that she has regained the requisite competency to warrant the discharge of her committee. The Trial Judge, in finding ‘ ‘ that the petitioner is not at this time competent to manage herself or her affairs ” neglected to state the underlying basis for his decision. We may fairly assume, however, that the Trial Judge’s decision was grounded on either of two bases: (1) that the petitioner was not “ competent ” because she was physically disabled or (2) that she was not “ competent ” because she was still mentally ill. On neither basis can the determination be sustained.
In support of the proposition that a physical condition may serve as a basis for a declaration of incompetency, respondent hypothesizes a situation where a person is “ completely paralyzed” and is “thoroughly unable to move or communicate ’ Whether the hypothesized person would be incompetent within the meaning of the statute we need not decide, for it is manifest that this record does not present so extreme a state of circumstances. The petitioner here merely lacks co-ordination in the use of her extremities and organs of speech.
All the evidence upon the trial leads to the conclusion that petitioner has regained her mental health. Three psychiatrists, one appointed by the court, testified to that effect. There was no contrary testimony — medical or lay. Although the Trial Judge was not required to adopt the opinions of the experts, he could not reject the facts on which the experts — particularly the court-appointed psychiatrist, a disinterested witness — based their opinions, since those facts were not improbable or in conflict with other evidence and, in our judgment, established that petitioner had become mentally competent. Petitioner herself was examined. Her responses were reasonable, accurate, responsive and understandable, even though a few of her *261 answers had to be interpreted by her mother. The foregoing being true, the lower court should be directed to enter an order discharging the petitioner’s committee and restoring to her the property remaining in the respondent’s hands (see Civ. Prac. Act, § 1382).
The order should be modified by reversing it in all respects except as to the allowance made to the court-appointed psychiatrist and as to that allowance the order should be affirmed.
Conway, Ch. J., Desmond, Dye, Fuld, Froessel and Burke, JJ., concur; Van Voorhis, J., taking no part.
Order modified and .matter remitted to Special Term for further proceedings in accordance with the opinion herein and, as so modified, affirmed.