▇ BESSIE BUTLER et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 39993.) — STALEY, JR., J. Appeal from a judgment of the Court of Claims holding that the State was negligent, and that its negligence was the cause of claimant Bessie Butler's injury. Claimant, Bessie Butler, was injured on the 23d day of April 1961 while attending a social function of a veterans' organization held in the 69th Regiment Armory in New York City. In 1951 a new flooring was laid upon the existing fifth floor of the armory. This new floor was one inch higher than the existing floor and, at the point where the top step of the stairway to the fifth floor and the floor joined, there had been placed a strip of wood with a beveled nose or edge. This strip of wood projected above the step about one inch and decreased the width of the step from ten inches to nine inches. The claimant, Bessie Butler, testified that, as she was about to descend the stairway, the heel of her shoe slipped on the chamfered or beveled surface of the strip of wood causing her to lose her balance and to be pitched forward over the bannister and into the stairwell. Two witnesses testified that they saw her go over the bannister and fall into the stairwell and went to her assistance on the third floor where she landed. The State offered no evidence concerning the manner in which the accident occurred and the claimant's testimony stands undisputed. In a prior appeal in this case, this court held that " ' when the armory facility is used for civic or social events, the liability of the State is determined in accordance with the same rules of law as apply to actions against individuals or corporations, especially where the situation is similar to that of the owner or operator of a place of public assembly.' " (*Butler* v. *State of New York*, 24 A D 2d 925.) The State now contends that the testimony of claimant's expert that the stairway was unsafe, and the photographs offered into evidence are insufficient evidence upon which to base a finding that a dangerous condition existed, and that the holding of the court that there was a breach of duty on the part of the State rendering it liable has no support in the record and is erroneous as a matter of law. To support its contention, the State asserts that the evidence indicates that the stairs had been used for a long period prior to claimant's fall and there were no reports of other accidents. Claimant's expert described the condition of the floor at the stairway as a slipping point, and not consistent with good architecural practice, or with good construction or building practice. He also testified that he found the stairs at that top step unsafe for a number of reasons and stated the reasons to be the difference

in elevation; the chamfered or rounded edge of the strip of wood; poor illumination; no sign to warn of the difference of elevation, and no yellow marker or other color to alert one in the dimly lighted hall of the difference of elevation. The State offered no expert testimony concerning construction or the condition of the area. The question of whether the maintenance of this stairway in its admitted condition constituted negligence was a question of fact to be resolved by the court. This question the court determined in favor of the claimants and its determination is supported by the evidence. The State's contention that the evidence indicates a long user of the stairs and no other accidents prior to claimant's fall is not substantiated by the record. Although the user of a stairway over a long period of time may negate any inference of a dangerous condition (*De Salvo* v. *Stanley-Mark-Strand Corp.*, 281 N. Y. 333; *Brown* v. *Mutual Life Ins. Co.*, 298 N. Y. 675; *Moore* v. *Board of Educ.*, 22 A D 2d 919, affd. 19 N Y 2d 621), the evidence falls far short of substantiating that there were no prior accidents. There was no testimony to the effect that there were no prior accidents, but merely that no reports of such accidents were filed. In any event this factor is by no means conclusive as against affirmative proof of a negligently caused condition. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.