■ Phyllis B. Burton, Appellant, v State of New York, Respondent. (Claim No. 60745.) — Appeal from a judgment, entered July 2, 1981, upon a decision of the Court of Claims (Murray, J.). Claimant was injured upon the premises of the State University of New York at Albany at its downtown campus while proceeding to a classroom at Husted Hall from Richardson Hall. The two buildings are connected by means of a covered walkway known as a peristyle. As claimant approached the entrance of the peristyle, she was confronted with two closed wooden doors with release bars and, as she started to push the bar to open the door on her right, it was opened from the other side, and as she stepped forward, she was propelled down two steps falling upon the hard surface of the floor, sustaining serious personal injuries. There were no

signs, guardrails, or warning devices of any kind that indicated steps directly behind the doors. Upon trial, claimant offered expert proof that the physical conditions, existing at the time of claimant's injuries, violated various provisions of the existing State Building Construction Code and also deviated from and was contrary to good practice in the design and construction of an exit from a building of that class. No expert proof to the contrary was offered by the State. At the conclusion of the trial, the Court of Claims dismissed the claim for failure to prove a prima facie case since it found "no negligence in the construction or maintenance of the scene of the accident and that the physical condition of the scene of the accident was not a proximate cause of the injuries sustained by the claimant." We disagree. First, whether the provisions of the building code apply under the facts of this case is, in our view, irrelevant. The uncontroverted expert proof is that it has always been considered to be a violation of acceptable engineering principles of good building design and construction, and hazardous and unsafe to have a door swing outward and over stairs. Simple logic supports these conclusions, and the fact that there were no reported prior accidents at this scene over a period of many years does not, upon this record, provide an escape from liability on this occasion (*Butler v State of New York,* 27 AD2d 897). We perceive no basis upon which the direct and uncontroverted evidence presented by claimant and her expert could be rejected and, accordingly, its conclusiveness should not be denied (*Matter of Henry,* 3 NY2d 258; *Gramm v State of New York,* 28 AD2d 787, affd 21 NY2d 1025; *Jensen v Casale,* 22 AD2d 994). Judgment reversed, on the law and the facts, with costs, and matter remitted to the Court of Claims for assessment of damages. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.