■ In the Matter of JEREMY J. GRIFFIN, Respondent, v BRANDY C. GRIFFIN, Respondent. MICHAEL A. SOMMA, as Law Guardian, Appellant. (And Another Related Proceeding.) [795 NYS2d 367]—

Crew III, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered March 4, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the biological parents of two children, born in 1998 and 2000. In March 2003, respondent relocated to Illinois with the children, prompting petitioner to commence a proceeding seeking, among other things, to compel respondent to return to New York with the children. A hearing ensued and, by order entered July 16, 2003, Family Court awarded custody of the minor children to respondent and such visitation as the parties could agree to petitioner. Pursuant to the terms of the July 2003 order, respondent could not remove the children from Broome County without the court's permission. The order further provided that "should [respondent] leave the State for residential purposes, [petitioner] shall have custody of the children."

On or about June 28, 2003, shortly before the subject order was signed, respondent returned to Illinois to collect her belongings. Upon learning of respondent's whereabouts, petitioner refused to return the children to respondent's parents, with whom the children were residing in respondent's absence, following his scheduled visitation. Respondent returned to New York on or about July 25, 2003, at which time petitioner again refused to return the children to her custody.

Petitioner thereafter filed the instant modification proceeding seeking custody of the children. Respondent opposed that application and, insofar as is relevant to this appeal, filed a violation petition contending that petitioner's refusal to return the children to her constituted a violation of Family Court's July 2003 order. The matter proceeded to a hearing, at the conclusion of which Family Court issued a bench decision denying respondent's violation petition and granting petitioner's modification petition finding, among other things, that petitioner acted appropriately in failing to return the children because respondent's departure from the state in June 2003 evidenced a clear intent to permanently relocate to Illinois. This appeal by the Law Guardian ensued.[1]

Where, as here, a party seeks to modify a prior order of custody, he or she must demonstrate a sufficient change in circumstances to warrant alteration of the existing custody arrangement in order to ensure the continued best interests of the children (*see Redder v Redder*, 17 AD3d 10, 12-13 [2005]; *Matter of Scialdo v Kernan*, 14 AD3d 813, 814 [2005]). Notably, only when such a change in circumstances has been demonstrated may Family Court properly proceed to undertake a best interest analysis (*see Munson v Lippman*, 2 AD3d 1252, 1253 [2003]). Based upon our review of the record as a whole, we conclude that Family Court erred in finding that petitioner met his threshold burden of demonstrating the requisite change in circumstances.

As noted previously, Family Court's July 2003 order provided that if respondent left the state for residential purposes, custody of the children would be transferred to petitioner. Respondent and her mother both testified, and petitioner did not contest, that respondent returned to Illinois at the end of June 2003 to

---

1. Although respondent filed a notice of appeal, she failed to perfect her appeal, and this Court granted petitioner's subsequent motion to dismiss respondent's appeal.

pack up her belongings and find a home for the family pets.[2] Although it apparently took respondent approximately one month to gather sufficient funds to ship her belongings to New York, she clearly and unequivocally testified at the hearing as to her intent to return to and remain in this state. In light of this uncontradicted testimony, and in view of the fact that the statements made by respondent in response to a court-ordered psychological evaluation conducted following her return to this state do not conclusively address her intent when she left for Illinois in June 2003, we are of the view that the record as a whole fails to support Family Court's finding that respondent left the state in June 2003 for residential purposes. We therefore conclude that petitioner failed to demonstrate a sufficient change in circumstances to warrant modification of Family Court's July 2003 order. Accordingly, petitioner's modification petition is dismissed, respondent's violation petition seeking the return of the children is granted, and this matter is remitted to Family Court for the fashioning of an appropriate visitation schedule for petitioner.

Cardona, P.J., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner's application and awarded primary physical custody to petitioner and visitation to respondent and as dismissed respondent's application seeking return of the children; petitioner's application dismissed, respondent's application seeking return of the children granted, primary physical custody of the children awarded to respondent, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

 ---

**2.** Petitioner acknowledged that respondent "went out there to get her things, and she was going to come back here to New York." When questioned as to how he knew that was respondent's intent, he stated, "It was like a given."