■ In the Matter of PATRICIA A. RULLER, Appellant, v WADE BERRY, SR., Respondent. (And Another Related Proceeding.) [797 NYS2d 586]—

Crew III, J.P. Appeals (1) from an order of the Family Court of Madison County (DiStefano, J.), entered January 8, 2004, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2) from an order of said court, entered April 20, 2004, which granted respondent's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Petitioner and respondent are the biological parents of a daughter (born in 1998). The child was removed from her home and placed in foster care as a result of ongoing domestic violence and substance abuse issues and, in August 2002, upon the admissions of the parties, Family Court found the child to be permanently neglected and transferred custody to the local department of social services. Family Court suspended judgment for one year, however, upon the condition that the parties engage in various services. Thereafter, by order issued on July 3, 2003 and entered August 6, 2003, the child was released from foster care and the parties were granted joint legal custody of the child; physical custody of the child was placed with respondent and petitioner was awarded liberal visitation.

In the interim, on or about July 21, 2003, petitioner instituted a custody proceeding in Oneida County Family Court and thereafter was awarded temporary custody of the child.* Additional petitions and cross petitions then were filed in Madison County Family Court, and Family Court issued an interim order vacating the Oneida County order and reinstating its July 2003 order granting respondent primary physical custody of the child. Following a hearing in November 2003, Family Court, by order entered January 8, 2004, granted summary judgment in favor of respondent and the Law Guardian and dismissed petitioner's custody applications. Following an additional hearing in March 2004, Family Court granted respondent's application to modify the prior order of custody and visitation and, by order entered April 20, 2004, ordered that petitioner's visitations with the child be supervised. These appeals by petitioner ensued.

We affirm. "Where, as here, a party seeks to modify a prior

---

* All prior proceedings involving the child had been handled by Madison County Family Court.

order of custody, he or she must demonstrate a sufficient change in circumstances to warrant alteration of the existing custody arrangement in order to ensure the continued best interests of the child[ ]'' (*Matter of Griffin v Griffin*, 18 AD3d 998, 999 [2005] [citations omitted]). This petitioner failed to do. Petitioner alleged, in sum and substance, that modification of the prior custody arrangement was required because the child was afraid of respondent, was living in squalor at respondent's residence and purportedly was injured during an incident wherein respondent grabbed her arm with sufficient force to leave a bruise. The testimony presented on these points, however, was contradictory, and Family Court appropriately considered the allegations in the context of what obviously has been a contentious custody dispute. Simply put, given Family Court's extensive involvement in this matter, and in view of its firsthand assessment of the various witnesses' demeanor and credibility, we are not inclined to disturb its determination in this regard. Thus, as petitioner failed to demonstrate a sufficient change in circumstances to warrant modification of the parties' agreed upon custody arrangement, Family Court properly dismissed her petitions.

Nor are we persuaded that Family Court erred in granting respondent's request to modify the prior visitation arrangement, as the record as a whole supports a finding that it is in the child's best interest that petitioner's visitations with her be supervised. Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.