■ In the Matter of JEAN A. MATHIS, Appellant, v DANA PARKHURST, Respondent. [805 NYS2d 155]—

Rose, J. Appeal from an order of the Family Court of Tioga County (Argetsinger, J.), entered December 10, 2002, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

In 1996, the divorced parties were awarded joint custody of their two children (born in 1989 and 1990), with respondent having physical custody and petitioner, who had moved to North Carolina, having visitation during the children's summer and Christmas vacations. In April 2002, petitioner commenced this proceeding for modification of the custody order, alleging that respondent had neglected the children, made threats to officials at their school, and acted in an intimidating and controlling manner toward them. After hearing 34 witnesses at a lengthy hearing on the matter, Family Court found that, despite respondent's bad judgment in leaving the children unattended and his aggressive behavior toward school officials, his otherwise loving and close relationship with the children did not require a change in physical custody. Family Court dismissed petitioner's application, but did grant supplemental visitation to the children's maternal grandmother and take other steps to address respondent's parenting weaknesses. Petitioner now appeals, arguing that the evidence established a change in circumstances warranting a change in physical custody.

An existing custody order will be modified only if there is a showing of a change in circumstances revealing a real need for the modification in order to ensure the best interests of the children (see Matter of Griffin v Griffin, 18 AD3d 998, 999 [2005]; Redder v Redder, 17 AD3d 10, 12-13 [2005]; Matter of Scialdo v Kernan, 14 AD3d 813, 814 [2005]; Matter of Tavernia

*v Bouvia,* 12 AD3d 960, 961 [2004]; *Matter of Gregio v Rifenburg,* 3 AD3d 830, 831 [2004]). After reviewing the record here, including Family Court's carefully considered decision, and affording due deference to Family Court's assessment of credibility and findings of fact (*see Matter of Hitchcock v Kilts,* 4 AD3d 652, 654 [2004]; *Matter of Cuozzo v Ryan,* 307 AD2d 414, 415 [2003]), we find that petitioner failed to demonstrate a substantial change in circumstances warranting a change in custody to petitioner.

While Family Court clearly recognized respondent's shortcomings as a parent, the record provides a sound and substantial basis for its determinations that respondent's explosive temper was not a new characteristic, his past errors in judgment were being adequately addressed, he demonstrated the ability to conduct himself appropriately and awarding sole custody to petitioner would not significantly enhance the children's welfare. Specifically, Family Court found that respondent had secured supervision for his children while he is working, consented to a formal finding of neglect, cooperated with the supervision provided by the Department of Social Services and participated in programs to improve his parenting skills. As for petitioner's relationship with the children, Family Court noted her failure to explain her lack of involvement with the children prior to her application to change custody. On this record, we cannot say that Family Court erred in dismissing the petition (*see Matter of Ruller v Berry,* 19 AD3d 814, 816 [2005]; *Matter of Tammy II. v Jeffrey HH.,* 295 AD2d 657, 658-659 [2002]).

Cardona, P.J., Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.