■ In the Matter of KATHRYN E. MEYER, Appellant, v STEPHEN R. LERCHE, Respondent. (And Another Related Proceeding.) [807 NYS2d 151]—

Crew III, J.P. Appeal from an order of the Family Court of Broome County (Ray, J.), entered August 14, 2003, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

By an order entered March 29, 2002, Family Court granted the parties joint legal custody of their only child (born in 1991), with primary physical custody of the child to respondent and specified periods of visitation to petitioner. Approximately one year later, petitioner commenced this proceeding seeking sole custody of the child contending, among other things, that the child was unhappy living with respondent and that respondent was verbally abusive to the child. Respondent cross-petitioned for similar relief seeking, among other things, to eliminate petitioner's midweek overnight with the child. The matter proceeded to a hearing, at which the parties appeared and testified, and Family Court conducted an in camera interview of the child. Insofar as is relevant to this appeal, Family Court denied petitioner's application, finding that she had failed to demonstrate a sufficient change in circumstances to warrant modification of the prior custody order.* This appeal by petitioner ensued.

We affirm. "Where, as here, a party seeks to modify a prior order of custody, he or she must demonstrate a sufficient change in circumstances to warrant alteration of the existing custody arrangement in order to ensure the continued best interests of

* Family Court granted respondent's application to the extent that a provision in the prior custody order regarding respondent's military service was removed therefrom. Family Court also ordered respondent to arrange for and participate in family counseling with the child. These modifications/directives are not at issue on appeal.

the child[ ]'' (*Matter of Griffin v Griffin*, 18 AD3d 998, 999 [2005] [citations omitted]; *see Matter of Crocker v Crocker*, 307 AD2d 402 [2003], *lv denied* 100 NY2d 515 [2003]). It is only when this threshold showing has been made that Family Court may proceed to undertake a best interest analysis (*see Matter of Griffin v Griffin, supra* at 999).

Simply put, petitioner's proof fell short of demonstrating a real need for a change in the established custody situation. The child's acknowledged desire to reside with petitioner is not determinative (*see Grandin v Grandin*, 8 AD3d 710, 712 [2004]), and respondent's use of foul language, while not to be condoned, hardly demonstrates that he is unfit or less fit to continue as the child's primary custodian. To the extent that petitioner argues that the child's performance in school has declined since residing with respondent and that respondent's work schedule results in the child spending a certain amount of time home alone, it is not at all clear from the record that the child would fare any better if he resided with petitioner. Notably, there was substantial testimony at the hearing regarding the child's poor school attendance record while previously residing with petitioner. In short, based upon our review of the record as a whole, we cannot say that Family Court erred in denying petitioner's application to modify the prior order of custody. Petitioner's remaining contentions, including certain evidentiary issues, have been examined and found to be lacking in merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.