■ In the Matter of LENORA PECK, Appellant, v DONALD C. BUSH JR., Respondent. [826 NYS2d 496]—

Mugglin, J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered September 12, 2005, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

In 2003, based on their stipulation, a court order gave petitioner (hereinafter the mother) and respondent (hereinafter the father) joint custody of their six minor children. The order awarded physical custody to the father with liberal visitation to the mother, which included alternate weekends during the school year and alternate weeks during summer vacations. In this proceeding, the mother seeks modification of the custody order to give her physical custody of the four youngest children (born in 1989, 1990, 1992 and 1998) based on her allegations that the father physically and verbally abuses the children. Following an evidentiary hearing, Family Court dismissed the petition, concluding that the mother failed to meet her burden of demonstrating any change in circumstances sufficient to justify modification of the existing custody order. The mother appeals and makes the single claim that Family Court erroneously disregarded the opinion of her expert witness, a psychologist.

An existing custody order will be modified when the person seeking modification establishes a sufficient change in circumstances that has occurred since the prior order and which establishes a need for modification in the best interests of the children (*see Matter of Meyer v Lerche*, 24 AD3d 976, 976-977 [2005]; *Matter of Mathis v Parkhurst*, 23 AD3d 923, 923 [2005];

*Matter of Brown v White*, 3 AD3d 743, 744 [2004]). The psychologist reviewed the school disciplinary records of three of the children and noted that the level and frequency of misbehavior had increased and that it was unusual to have this occur in three children in the same family. The psychologist opined that the children had experienced or witnessed violence over a long period of time, creating a great deal of fear in the children which coalesces into an intense anger that the children express in school because they are afraid to express it in the family situation where they must confront the violent person. Notably, as the mother's counsel concedes in his brief, the psychologist never opined that the father was the violent person, but he argues that that is the clear import of the psychologist's testimony.

Family Court, as the finder of fact, may disregard an expert's opinion if it is not well founded and is contradicted by other evidence (*see Matter of Henry*, 3 NY2d 258, 260 [1957]). On cross-examination, the psychologist admitted that she interviewed neither party, none of the children, no Department of Social Services employees—although they were mentioned in the records reviewed—and no one from the school district. Moreover, the psychologist admitted not knowing how much time the children spent with either parent and whether or not either parent had been the subject of an indicated report in the past. The father testified that prior to 2003, he had on occasion used corporal punishment, but had not done so since gaining physical custody of the children. A school administrator testified to the active involvement of the father in working with school authorities to try to solve the disciplinary problems that his children were causing. Conversely, no one from the school had had contact with the mother. Moreover, there exists substantiated allegations against the mother of inadequate guardianship, lack of supervision and excessive corporal punishment resulting in lacerations, bruises and welts. On this record, we agree with Family Court that the mother has failed to establish changed circumstances, i.e., that the father has been verbally and physically abusive toward the children since the entry of the previous order.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.