Lahtinen, J.
Appeal from an order of the Family Court of Delaware County (Lambert, J.), entered September 21, 2011, which, among other things, dismissed petitioner’s application, in three proceedings pursuant to Family Ct Act articles 6 and 8, to modify a prior order of custody.
The parties married in 1994, they had four children (born in 1996,1997,1999 and 2003) and they divorced in 2009. Petitioner (hereinafter the father) currently resides with his mother in Atlantic Highlands, New Jersey, and respondent (hereinafter *940 the mother) and the children live in Delaware County. They have joint legal custody of the children, with the mother having primary physical custody. An August 2009 order incorporated a July 2009 hearing transcript that set forth parenting time for the father to include, among other things, every other week during summer recess, every other weekend from September to November and then from April to June, and most of the days of the school breaks from November to March. The meeting place for exchanging the children was set near the Town of New Paltz, Ulster County, about halfway between the parties’ residences.
The father commenced the first of these proceedings in February 2011 seeking physical custody of the children based upon allegations that the mother was interfering with his communication with the children and failing to adhere to the visitation schedule. The mother then filed a family offense petition in May 2011 alleging aggravated harassment by the father, and Family Court issued a temporary order of protection. The following month the mother brought a violation petition contending that the father failed to adhere to the temporary order of protection.
A hearing was conducted on the three petitions. Family Court dismissed the father’s petition for a change in custody. The court clarified the father’s extensive telephone privileges granted in the earlier order by establishing cutoff times of 9:00 p.m. on school nights and 10:00 p.m. on weekends, and also incorporated a change in the exchange location to much closer to the mother’s residence, which was consistent with where the father had reportedly been traveling for about two years. On the family offense petition, the court determined that the father had harassed the mother and issued a protective order through August 2012. Although finding that the father had also violated the temporaiy order, the court determined that an admonishment not to repeat such conduct was ample penalty under the circumstances. The father appeals.
We affirm. The father contends that there was insufficient evidence that he committed a family offense or that he violated the temporary order of protection. Where, as here, conflicting evidence is presented, we accord deference to the credibility determinations of Family Court (see Matter of Jenna T. v Mark U., 82 AD3d 1512, 1512 [2011]). The mother testified about excessive calls from the father, some made very early in the morning and others late in the evening, in which he was exceedingly loud and called her by derogatory names. She also related instances, when meeting to exchange the children, where he threatened to kill her while gesturing with his arms. Her testimony was found credible by Family Court and was suf *941 ficient to establish the family offense of harassment in the second degree by a fair preponderance of the evidence (see Matter of Salazar v Melendez, 97 AD3d 754, 755 [2012], lv denied 20 NY3d 852 [2012]). Family Court’s further determination that the father violated the temporary order of protection was supported by it crediting the mother’s testimony regarding the nature and time of phone calls made by the father after the temporary order of protection had been issued.
Family Court did not err in dismissing the father’s petition to change physical custody of the children to him. “An existing custody order will be modified only if there is a showing of a change in circumstances revealing a real need for the modification in order to ensure the best interests of the children” (Matter of Mathis v Parkhurst, 23 AD3d 923, 923 [2005] [citations omitted]; see Matter of Pecore v Pecore, 34 AD3d 1100, 1101 [2006]). The evidence indicated that the children were doing well in school and were actively involved in various extracurricular activities, had a stable home environment with their mother, and maintained a good relationship with both of their parents. The father did not meet his burden of showing a change in circumstances with respect to his application to change physical custody of the children. Although the parties had not specifically requested that parameters be established on hours for phone calls and that the exchange location be addressed, such issues were underlying problems that prompted these petitions and the parties submitted proof with respect thereto at the hearing. Under such circumstances, we are unpersuaded that Family Court erred in addressing those issues (see Matter of Heintz v Heintz, 28 AD3d 1154,1155 [2006]; Matter of Fitzgerald v Fitzgerald, 68 AD2d 996, 997 [1979]; compare Matter of Revet v Revet, 90 AD3d 1175, 1176 [2011]).
Peters, PJ., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.