■ In the Matter of BRIAN F. BEANE, Respondent, v KATHY CURTIS, Appellant. (And Another Related Proceeding.) [977 NYS2d 418]—

McCarthy, J. Appeal from an order of the Family Court of Madison County (DiStefano, J.), entered September 20, 2012, which, among other things, dismissed respondent's application, in two proceedings pursuant to Family Court Act article 6, for modification of a prior order of custody.

The parties are the parents of one child (born in 2001). A 2010 Family Court order awarded sole custody of the child to petitioner (hereinafter the father) and provided respondent (hereinafter the mother) with visitation every other weekend, every Wednesday evening, half of all holidays and two non-consecutive weeks during the summer. In 2012, the father commenced a proceeding seeking modification of the custody order to the extent that the mother no longer have unsupervised visitation with the child. Shortly thereafter, the mother commenced a modification proceeding seeking custody of the child. Following a hearing, Family Court determined that neither party established that there had been any change in circumstances warranting modification of the prior custody order and dismissed the petitions. The mother now appeals.

"An existing custody order will be modified only if there is a showing of a change in circumstances revealing a real need for the modification in order to ensure the best interests of the child[ ]" (*Matter of John O. v Michele O.*, 103 AD3d 939, 941 [2013] [internal quotation marks and citations omitted]). Here, the proof fell short of establishing any such change in circumstances (*see Matter of Bronson v Bronson*, 63 AD3d 1205, 1206-1207 [2009]; *Matter of Sparling v Robinson*, 35 AD3d 1142, 1143 [2006]; *Matter of Meyer v Lerche*, 24 AD3d 976, 977 [2005]). Although there was proof that the father interfered with the mother's visitation and communication with the child—conduct which is not to be condoned—the proof further established that the child is doing well in school, is involved in extracurricular activities, has a stable home environment with the father and his wife and has been able to maintain a good relationship with both of his parents and his brother and sister. Accordingly, we find no error in Family Court's dismissal of the petitions (*see Matter of John O. v Michele O.*, 103 AD3d at 941; *Matter of Bronson v Bronson*, 63 AD3d at 1206-1207; *Matter of Meyer v Lerche*, 24 AD3d at 977).

Rose, J.P., Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.