■ In the Matter of Tina M. Cobane, Appellant, v Brian P. Cobane, Respondent. (And Four Other Related Proceedings.) [989 NYS2d 522]—

Lahtinen, J.P. Appeal from an order of the Family Court of St. Lawrence County (Morris, J.), entered February 1, 2013, which, among other things, dismissed petitioner's application, in five proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three daughters (born in 1994, 1996 and 1998). They have been involved in extensive litigation pertaining to the children (*see e.g. Matter of Cobane v Cobane*, 77 AD3d 1068 [2010], *lv dismissed* 16 NY3d 736 [2011]; *Matter*

*of Cobane v Cobane,* 57 AD3d 1320 [2008], *lv denied* 12 NY3d 706 [2009]). The current proceedings, the first of which was commenced in July 2011, include applications by both parties to modify the existing custody and visitation order as well as several petitions by the mother alleging that the father violated various aspects of the custody and visitation order. Following a hearing at which the primary proof was the testimony of the mother and the father, Family Court dismissed each party's modification petition and also dismissed all of the mother's violation petitions. The mother appeals.

Initially, we note that two of the daughters have reached the age of 18 and, thus, issues regarding their custody and visitation are now moot (*see Matter of Collins v Brush,* 113 AD3d 936, 936 [2014]). With respect to the youngest child, " '[a]n existing custody order will be modified only if there is a showing of a change in circumstances revealing a real need for the modification in order to ensure the best interests of the child[ ]' " (*Matter of Beane v Curtis,* 112 AD3d 1005, 1005 [2013], quoting *Matter of John O. v Michele O.,* 103 AD3d 939, 941 [2013]). The proof at the hearing showed little change in the parties' animosity toward each other or in the mother's detrimental conduct toward the child, factors that resulted in the earlier order. The mother contended that the father had failed to make any effort to foster the relationship between her and the child, and that he had engaged in conduct that hindered the relationship. Much of the proof turned on credibility issues, and Family Court found that both parents lacked credibility. Little other relevant proof was presented. According deference to Family Court's assessment of credibility, its finding that there has not been a change in circumstances warranting modification of the existing order is supported by a sound and substantial basis in the record (*see Matter of Fairbanks v Diehl,* 268 AD2d 867, 868 [2000]; *see also Matter of Festa v Dempsey,* 110 AD3d 1162, 1163 [2013]).

"In order to prevail on her violation petition[s], the mother was required to show that the father's actions or failure to act defeated, impaired, impeded or prejudiced a right of the mother and that the father's alleged violation[s] [were] willful" (*Matter of Constantine v Hopkins,* 101 AD3d 1190, 1191 [2012] [internal quotation marks and citations omitted]). Resolving the mother's violation petitions rested primarily upon the assessment of her testimony, which Family Court found lacked credibility. "Giving due deference to the court's credibility determination" (*Matter of Yishak v Ashera,* 90 AD3d 1184, 1185 [2011]), we are unpersuaded that Family Court erred in its determination regarding the violation petitions.

McCarthy, Garry, Lynch and Clark, JJ., concur. Ordered that the order is affirmed, without costs.