## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: February 19, 2015                    518342
_____

In the Matter of JON J.
   TRIMBLE,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

JENNIFER A. TRIMBLE,
                    Respondent.
_____

Calendar Date:   January 15, 2015

Before:  Lahtinen, J.P., Garry, Devine and Clark, JJ.

_____

        Renee J. Albaugh, Delhi, for appellant.

        Dennis Laughlin, Cherry Valley, for respondent.

        Carol Malz, Oneonta, attorney for the child.

_____

Lahtinen, J.P.

        Appeal from an order of the Family Court of Otsego County
(Burns, J.), entered January 10, 2014, which, among other things,
dismissed petitioner's application, in a proceeding pursuant to
Family Ct Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) have one child together (born in 2008).
Pursuant to an October 2010 order, the mother was granted sole
legal custody, the father was permitted supervised visitation for
1½ hours on Saturdays, and the father was directed to receive a
mental health evaluation and comply with treatment recommended by
the evaluation.  In March 2013, the earlier order was modified
only to the extent of expanding the father's visitation to make

it unsupervised on alternating Fridays and Saturdays, as well as such further times as the parties agreed. The father commenced this proceeding six months later, in September 2013, seeking sole legal custody and primary physical placement of the child; a position he modified at the fact-finding hearing to joint legal custody with "consistent visitation." Family Court dismissed the petition and ordered the father to participate in a domestic violence monitoring program. The father appeals.

The party seeking to modify an existing custody order must "demonstrate a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child" and, where this threshold is met, the court then "proceed[s] to the best interests analysis" (Matter of Kashif II. v Lataya KK., 99 AD3d 1075, 1077 [2012] [internal quotation marks and citation omitted]; see Matter of Barbara L. v Robert M., 116 AD3d 1101, 1102 [2014]). "Family Court's findings and credibility determinations are accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Bronson v Bronson, 63 AD3d 1205, 1206 [2009]). The father produced a witness who testified about the mother's purported unsanitary living conditions and deficient parenting skills. However, Family Court determined that this witness lacked all credibility and we find no reason to disregard such determination. There was proof of past problems adhering to the visitation schedule, which were caused in part by the father's lack of reliable transportation and a since-expired order of protection. There was also proof that these issues had been resolved, regular visitation was occurring, and the parties' level of cooperation and communication had not significantly changed. Accepting Family Court's credibility determinations, the father failed to prove a change in circumstances (see Matter of Beane v Curtis, 112 AD3d 1005, 1005 [2013]; Matter of Bronson v Bronson, 63 AD3d at 1206).

The father argues that Family Court erred in not directing that the mother undergo a mental health evaluation. The decision whether a mental health evaluation should be conducted of a parent or child "lies within the sound discretion of the court" (Matter of Armstrong v Heilker, 47 AD3d 1104, 1105 [2008]; see Matter of Burola v Meek, 64 AD3d 962, 964 [2009]). The father's

-3-                            518342

allegations about the mother pertaining to such issue were largely unsubstantiated or found to lack credibility.  Family Court did not abuse its discretion in denying the father's request for a mental health evaluation of the mother (see Matter of Yetter v Jones, 272 AD2d 654, 657 [2000]; Matter of Thompson v Thompson, 267 AD2d 516, 519 [1999]).

Finally, the father contends that Family Court erred in ordering him to participate in a domestic violence monitoring program.  It is not clear whether this provision was intended as a new requirement for the father or simply a reiteration of the requirement in the October 2010 order that the father follow through on programs recommended in his mental health evaluation. The father acknowledged that a program for domestic violence had been recommended and he had not yet completed it.  Inasmuch as that provision of the October 2010 order had not been affected by the March 2013 order, the October 2010 order continued to control such issue.  We interpret the pertinent language in the January 2014 order as surplusage — i.e., simply reiterating the existing obligation from the October 2010 order — and, with such interpretation, affirm.

Garry, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court