*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015                516363
_____

In the Matter of PATRICK
    ELLER,
                    Appellant,

        v                                   MEMORANDUM AND ORDER

MARYNA ELLER,
                    Respondent.

(And Two Other Related Proceedings.)
_____

Calendar Date:  February 11, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Albert F. Lawrence, Greenfield, for appellant.

        D.J. & J.A. Cirando, Syracuse (John A. Cirando of counsel),
for respondent.

        Gerald J. Ducharme, Canton, attorney for the child.

_____

Egan Jr., J.

        Appeal from an order of the Supreme Court (Rogers, J.),
entered June 29, 2012 in St. Lawrence County, which, among other
things, dismissed petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, to modify a prior order of
custody.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) have one child in common, a son (born in
2004).  Pursuant to an October 2008 order, the mother was granted
sole legal custody of the child with visitation to the father.

The father commenced the first of these proceedings in 2010 seeking sole custody of the child based upon allegations of the mother's unfitness as a parent; in response, the mother cross-petitioned, seeking supervised visitation for the father, and thereafter filed a violation petition. Following a combined hearing on the petitions, Supreme Court, among other things, dismissed the father's custody petition.[1] The father now appeals [2].[2]

We affirm. "An existing custody order will be modified only if there is a showing of a change in circumstances revealing a real need for the modification in order to ensure the best interests of the child[]" (Matter of John O. v Michele O., 103 AD3d 939, 941 [2013] [internal quotation marks and citations omitted]; see Matter of Cobane v Cobane, 119 AD3d 995, 996 [2014]). The father's claim that the mother is unfit is based upon allegations that bruises on the child indicated that the mother had used excessive corporal punishment and that she did not provide proper medical care for the child's skin rashes, as well as concerns about the child's hygiene and clothing, his attendance at school and the fact that the mother has a friend who is a convicted felon. The mother denied the allegations regarding the child's bruises, denied a romantic relationship with the individual in question and testified that she has sought medical treatment for the child's rashes since 2008. The child's first grade teacher testified that she had no concerns regarding his attendance record, that the child came to school clean and appropriately dressed and that she could not recall ever noticing any bruises on him. The school nurse similarly testified that she was unaware of any injuries to the child other than an incident where he fell on the playground. According deference to Supreme Court's factual findings and credibility determinations

---

[1] Following the hearing, the mother withdrew her cross-petition seeking supervised visitation.

[2] To the extent that Supreme Court also found that the father had violated the October 2008 order, it imposed no penalty, and the father does not raise any argument with respect to that issue in his appellate brief.

(see Matter of Ray v Eastman, 117 AD3d 1114, 1115 [2014]; Matter of Joseph YY. v Terri YY., 75 AD3d 863, 866 [2010]), we find a sound and substantial basis in the record to support the court's determination that the father failed to establish a change in circumstances such that a modification of custody would be in the child's best interests.

McCarthy, J.P., Devine and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.



ENTER:


Robert D. Mayberger
Clerk of the Court