██ In the Matter of ALEXIS EE. and Others, Neglected Children. ATTORNEY FOR THE CHILDREN, Respondent; NADIA EE., Appellant; KENNETH EE., Respondent. (Proceeding No. 1.) In the Matter of NADIA EE., Appellant, v KENNETH EE., Respondent. (Proceeding No. 2.) [60 NYS3d 568]—

Pritzker, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered April 29, 2015, which, among other things, dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Kenneth EE. (hereinafter the father) and Nadia EE. (hereinafter the mother) are the parents of a son (born in 2000) and twin daughters (born in 2004). The mother and the father separated in 2008 and divorced in March 2013. In June 2010, Family Court ordered that the father be given legal and physical custody of the children, and, although the mother was provided with only supervised visitation, in October 2010, Family Court ordered that all visitation between the mother and her children be temporarily suspended. Thereafter, in March 2011, the attorney for the children filed a child abuse and neglect petition pursuant to Family Ct Act article 10 alleging, among other things, that the mother had sexually abused the three children on numerous occasions between February 2008 and January 2010.

As reflected in a July 2011 fact-finding order, the mother, in full satisfaction of the allegations in the petition, consented to a finding of neglect, and Family Court ordered that the children remain in the custody of the father. Family Court found that the mother repeatedly and inappropriately cleaned the genital areas of her daughters causing abrasions, sustaining a finding of neglect. Thereafter, Family Court issued an order of disposition in July 2012 (entered in August 2012) that terminated the mother's visitation with the children and ordered that she have access to all educational and medical information concerning the children and that the father sign all necessary documents to allow the mother to obtain that information. In August 2012, Family Court issued an order of protection prohibiting the mother from having any contact or visitation with the children for a period of one year.

In July 2013, the father moved, in the Family Ct Act article 10 proceeding, for a finding that the mother violated the order of protection and requested an extension of said order. In late

July 2013, the mother filed a petition pursuant to Family Ct Act article 6 seeking a modification of the custodial arrangement and requesting that she be afforded supervised therapeutic visitation with her three children. A fact-finding hearing on the motion and petition, as well as a *Lincoln* hearing, ensued. In an April 2015 order, Family Court granted, in part, the father's motion and dismissed the mother's petition for supervised visitation. The court also extended the order of protection for an additional two years pursuant to Family Ct Act article 6, prohibiting, among other things, any contact between the mother and the children.[1] The mother now appeals.

As the party seeking modification of the custodial arrangement in the form of supervised visitation, the mother bears the burden of proof and " 'first must demonstrate that a change in circumstances has occurred since the entry [of the existing order] that is sufficient to warrant the court undertaking a best interests analysis in the first instance' " (*Matter of David J. v Leeann K.*, 140 AD3d 1209, 1210 [2016], quoting *Matter of Ryan v Lewis*, 135 AD3d 1135, 1136 [2016]; *see Matter of Alan U. v Mandy V.*, 146 AD3d 1186, 1187 [2017]). Only when this threshold showing is made may the court proceed to a best interests analysis (*see Matter of Trimble v Trimble*, 125 AD3d 1153, 1154 [2015]; *Matter of Barbara L. v Robert M.*, 116 AD3d 1101, 1102 [2014]).

Here, Family Court found that the mother did not meet her burden in first demonstrating that a change in circumstances had occurred to warrant the court undertaking a best interests analysis. The mother's petition centered on the premise that she has made improvements in her life based upon her ongoing therapeutic treatment with her psychologist, Richard Ovens. At the hearing, Ovens testified that, based upon his sessions with the mother, there was no "untoward" behavior by her and that, at most, there was only inappropriate washing of the daughters' genital areas. Ovens stated, "I don't think having [the mother] admit to something that I don't think was there . . . would be a realistic demand." He stated that the mother was "now ready to reengage with her children" and did not believe that the mother would do anything inappropriate with the children. Ovens thus supported the mother having supervised therapeutic visitation with the children.

Elizabeth Schockmel, a clinical and forensic psychologist who conducted an updated psychological reevaluation of the

---

1. Subsequent to the filing of the appeal, Family Court issued an order of protection, on default, pursuant to Family Ct Act article 6 prohibiting, among other things, any contact between the mother and the children for two years.

mother, the father and the children, prepared a report and testified at trial. Schockmel noted in her report that the mother was convinced that the children have been led to believe by others that they were victims of abuse and maintained that she was not responsible for the abrasions reported by her daughters.[2] Consistent with her report, Schockmel testified that, notwithstanding the mother's improvements, the mother believed that she did not engage in any harmful behavior with her children. This was "concerning" to Schockmel, who ultimately opined that visitation by the mother with the children was contraindicated.

Family Court concluded that the mother did not establish a change in circumstances. Family Court found that the mother failed to appreciate the significance of her "acts of inappropriate touching and cleaning" that led to visitation being suspended in the first instance and that, even though the mother made improvements in other areas of her life, such failure was "of concern to the [c]ourt." Indeed, while Ovens and Schockmel both agreed that the mother has achieved a level of stability, they offered contrasting opinions as to whether the mother appreciated the gravity of her prior inappropriate actions and whether she had made any improvements at all with respect to the circumstances that led to the suspension of her visitation with the children. Family Court was entitled to credit Schockmel's report and testimony (*see Matter of Laware v Baldwin*, 42 AD3d 696, 696 [2007]), and, therefore, we discern no basis to disturb Family Court's determination.

The mother also contends that a change in circumstances exists because the father failed to comply with those parts of the July 2012 order requiring him to sign documents giving the mother access to the children's medical and educational records and that the father alienated the children from her. To the extent that these claims are preserved for appellate review, they are not supported by the record (*see Albany Eng'g Corp. v Hudson River/Black Riv. Regulating Dist.*, 110 AD3d 1220, 1222-1223 [2013]; *Matter of Castillo v Luke*, 63 AD3d 1222, 1223 [2009]). As the mother failed to meet the threshold burden demonstrating a change in circumstances, a best interests analysis is not warranted (*see Matter of Jessica AA. v Thomas BB.*, 151 AD3d 1231, 1232-1233 [2017]; *Matter of Trimble v Trimble*, 125 AD3d at 1154).

---

**2.** Despite the mother's consent to a finding of neglect based upon her repeated and inappropriate cleansing of the genital areas of her daughters causing abrasions, the mother likewise testified that she believed that she did not engage in any inappropriate behavior.

The mother also challenges the two-year order of protection. As the order of protection has expired by its own terms and has been superseded by a subsequent order of protection dated May 12, 2017, the mother's challenge to the order of protection is moot (*see Matter of Desirea F. [Angela F.]*, 137 AD3d 1519, 1520 [2016]; *Matter of Ashlyn Q. [Talia R.]*, 130 AD3d 1166, 1169 [2015]).

Peters, P.J., Rose, Mulvey and Aarons, JJ., concur. Ordered that the order is affirmed, without costs.