Matter of Beers v Beers (2018 NY Slip Op 05239)





Matter of Beers v Beers


2018 NY Slip Op 05239


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

524742

[*1]In the Matter of JAMIE L. BEERS, Appellant,
v
WILLIAM BEERS, Respondent.

Calendar Date: May 30, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Christopher Hammond, Cooperstown, for appellant.
Jacob Vredenburgh, Wynantskill, for respondent.
Martha A. Lyons, Binghamton, attorney for the child.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Family Court of Broome County (Pines, J.), entered March 9, 2017, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three children (born in 1999, 2001 and 2003). A January 2016 consent order granted the parties, among other things, joint legal custody, with primary physical custody to the father and supervised visitation to the mother upon her release from incarceration. The mother's visitation was contingent upon her securing suitable housing and was to be supervised "until such time as agreed otherwise." In September 2016, after the mother was released from incarceration, she filed a modification petition seeking physical custody of the children. Following a trial, Family Court dismissed the petition and held that the January 2016 consent order was to remain "as it [was]." The mother now appeals and we affirm.[FN1]
"The party petitioning to modify a custody order bears the burden of demonstrating first, that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of David ZZ. v Suzane A., 152 AD3d 880, 881 [2017] [internal quotation marks and citations omitted]; accord Matter of Heather U. v Janice V., 160 AD3d 1149, 1150 [2018]). Here, the mother alleges that her release from prison, her permanent and stable home and her completion of three parenting classes and a drug and alcohol program while incarcerated are sufficient to establish the requisite change in circumstances to support at least increased unsupervised visitation, if not custody. However, both "release from incarceration" and "securing a safe a stable residence" were conditions already contemplated by Family Court in its January 2016 order inasmuch as these conditions served as the basis to permit supervised "visitation as the parties may agree." Therefore, neither of these two events constitutes a change in circumstances, but rather were prerequisites for the exercise of any visitation by the mother. Additionally, although the mother established that she had been released from incarceration since entry of the prior order, this alone was insufficient to establish the requisite change in circumstances (see Matter of Michael YY. v Michell ZZ., 149 AD3d 1284, 1286 [2017]). Moreover, while the mother contends that completion of parenting classes and a drug and alcohol program while incarcerated in and of itself constitutes the requisite change in circumstance, the fact that the mother availed herself of prison services is not enough, standing alone, to meet her burden (see Matter of McIntosh v Clary, 129 AD3d 1392, 1392-1393 [2015]). Accordingly, as the mother failed to meet her initial burden of demonstrating a change in circumstances, the petition was properly dismissed (see Matter of Alexis EE. [Nadia EE.—Kenneth EE.], 153 AD3d 1056, 1057-1058 [2017]; Matter of Michael YY. v Michell ZZ., 149 AD3d at 1286).
However, even if we were to find that the mother met her burden of establishing a change in circumstances, it is clear from the record that modification of the prior order was not in the children's best interests. Testimony established that the mother was unemployed at the time of trial, six months after she filed her petition [FN2]. Also, the mother did not financially provide for the children, did not have a driver's license and lived in the home of a friend where there was not adequate space for the children. It is also significant that the mother had less than a dozen visits with the children since her release from incarceration and that, after the father and the children drove two hours and arrived for said visits, the mother often kept them waiting in the car for over an hour, despite the visits having been scheduled ahead of time. Further, the testimony indicated that the father was following the terms of the order with the utmost good faith; not only did he drive the children two hours each way for the visits, but he also solely paid for the travel costs and meals for the mother and the children. In light of these circumstances, we would find that modification of custody is not in the children's best interests (see Matter of Paul LL. v Tanya LL., 149 AD3d 1173, 1175 [2017]; Matter of Southammavong v Sisen, 141 AD3d 905, 907 [2016]).
Egan Jr., J.P., Lynch, Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1:Initially, we note that any issues pertaining to the oldest child are moot because she is now 18 years old (see Matter of Cobane v Cobane, 119 AD3d 995, 996 [2014]).

Footnote 2:While postpetition evidence is not relevant to establish "whether a change in circumstances exists," it may be germane when determining best interests (Matter of Hamilton v Anderson, 143 AD3d 1086, 1088 [2016]; see Matter of Hayward v Campbell, 104 AD3d 1000, 1001 n [2013]).