Matter of Ramon ZZ v Amanda YY (2020 NY Slip Op 07958)





Matter of Ramon ZZ v Amanda YY


2020 NY Slip Op 07958


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

529364

[*1]In the Matter of Ramon ZZ., Appellant,
v
Amanda YY., Respondent.

Calendar Date: November 18, 2020

Before: Lynch, J.P., Clark, Mulvey and Colangelo, JJ.


Ramon ZZ., Johnson City, appellant pro se.
Jackson Bergman, LLP, Binghamton (Dhyana M. Estephan of counsel), for respondent.
Donna C. Chin, New York City, attorney for the child.



Lynch, J.P.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered May 10, 2019, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a child (born in 2013) who has cystic fibrosis. As relevant here, a July 2017 Family Court order granted the mother sole legal custody and placement of the child, with "reasonable parenting time" to the father "as he may arrange with [the mother] on reasonable notice to her." The July 2017 order also granted the father "access to the [child's] medical and academic records" and directed the mother to provide him with "reasonable information concerning [the child's] general health and his medical care as well as his academic progress."
In August 2018, the father filed a petition seeking to modify the July 2017 order, requesting, among other things, sole legal custody of the child, scheduled and consistent parenting time, and unfettered access to the child's medical and educational records.[FN1] In October 2018, while the father's modification petition was pending, Family Court issued a temporary order granting him visitation on alternate Saturdays from 12:00 p.m. until 4:15 p.m. at "a place to be agreed upon" by the parties but, if not the father's home, then at a public place. A fact-finding hearing was held on the father's modification petition over the course of several days,[FN2] following which Family Court, as relevant here, dismissed the father's modification petition, concluding that he failed to demonstrate a change in circumstances. The father appeals.
The father argues that Family Court erred in dismissing his modification petition. We disagree. "A party seeking to modify a prior custody [and visitation] order is required to demonstrate 'that a change in circumstances has occurred since the entry thereof to warrant the court undertaking a best interests analysis'" (Matter of Thomas KK. v Anne JJ., 176 AD3d 1354, 1355 [2019], quoting Matter of Kristen II. v Benjamin JJ., 169 AD3d 1176, 1177 [2019]). "A change in circumstances is demonstrated through 'new developments or changes that have occurred since the previous custody order was entered'" (Matter of Thomas KK. v Anne JJ., 176 AD3d at 1355, quoting Matter of Pierre N. v Tasheca O., 173 AD3d 1408, 1408 [2019], lv denied 34 NY3d 902 [2019]). Family Court's determination as to whether a change in circumstances has occurred that would then warrant a review of the child's best interests will not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Heather U. v Janice V., 178 AD3d 1316, 1319 [2019]; Matter of Cobane v Cobane, 119 AD3d 995, 996 [2014]; Matter of Barbara L. v Robert M., 116 AD3d 1101, 1102-1103 [2014]).
Rather than identifying new developments concerning the child or new circumstances regarding [*2]his living or employment situation, the father contended in his petition that "[r]easonable parenting time [could not] be agreed upon by the two parties, [v]isitation [had] not [been] consistent, [t]he mother ha[d] required visitation to be supervised . . . and [t]he mother ha[d] denied [him] reasonable access to [the child's] academic information." The record, however, does not support such claims. Although the parties confirmed at the fact-finding hearing that they continued to have a strained relationship, nothing in the record indicates that their ability to communicate had deteriorated to such an extent that the visitation provision of the July 2017 order was no longer workable (see Matter of Blanchard v Blanchard, 304 AD2d 1048, 1049 [2003]). To the contrary, the record reveals that, following entry of that order, the parties were successfully able to arrange visitation for the father on a consistent basis, even prior to issuance of the October 2018 temporary order delineating a more defined schedule. Although the father submitted evidence of text message exchanges between the parties in which the mother requested that certain visits occur at a public place, she revealed that she had concerns about the suitability of the father's home environment in light of the child's serious medical issues. Moreover, although the mother acknowledged that she had denied the father's requests for overnight visits, the record demonstrates that the father continued to lack a suitable premises in which to host such visits. The fact that the mother did not acquiesce to each and every one of the father's requests for visits on the terms proposed by him and required some of his visits to be supervised does not amount to an "intentional interference with parenting time" so as to constitute a change in circumstances (Matter of William V. v Bridgett W., 182 AD3d 636, 637 [2020]; see Matter of Thomas KK. v Anne JJ., 176 AD3d at 1355). As to the father's contention that the mother had denied him access to the child's academic records, he failed to substantiate that claim and acknowledged during the hearing that he had started to receive such records. Deferring to Family Court's credibility determinations, there is a sound and substantial basis in the record to support Family Court's conclusion that the father failed to demonstrate a change in circumstances to warrant the court undertaking a review of the child's best interests (see Matter of Aaron K. v Laurie K., 187 AD3d 1423, 1425-1426 [2020]; Matter of Rehman v Sheikh, 152 AD3d 910, 912-913 [2017]; Matter of Michael YY. v Michell ZZ., 149 AD3d 1284, 1285 [2017]). In any event, even if the father had satisfied that burden, we would find that modifying the July 2017 order in the manner requested by him was not in the child's best interests at the time that Family Court rendered its determination (see Matter of Cooper v Williams, 161 AD3d 1235, 1239 [2018]).
The father's additional contentions are either unpreserved [*3]for appellate review, not properly before us, or lacking in merit.
Clark, Mulvey and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Prior to filing his modification petition, the father filed a violation petition against the mother pertaining to a June 2018 interim order that granted him visitation on Father's Day of that year. Family Court dismissed his violation petition, and the father's appeal from that order is also before this Court (Matter of Ramon ZZ. v Amanda YY., ___ AD3d ___ [appeal No. 528373, decided herewith]).

Footnote 2: Following one of the hearing dates, the father filed a motion to remove the trial attorney for the child on the ground that he was biased against the father and was not fulfilling his obligations to provide zealous advocacy on behalf of the child. Family Court denied the motion insofar as the father failed to file an affidavit of service demonstrating that he had properly served the mother and the trial attorney for the child.